S00Y0185, S00Y0240. IN THE MATTER OF WAYNE P. THIGPEN.
(526 SE2d 839)

PER CURIAM.

These disciplinary matters are before the Court on the Petition for Voluntary Discipline of Respondent Wayne P. Thigpen. The State Bar does not object to the Court accepting Thigpen's petition. Thigpen admits violating Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepre-

sentation); 22 (b) (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to the client, allowing time for employment of other counsel, and delivering all papers and property to the client to which the client is entitled); 23 (a lawyer who withdraws from employment shall promptly refund any advance fees that have not been earned); and 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) of Bar Rule 4-102 (d).

In S00Y0185, Thigpen was hired by a client to file suit on the client's behalf to recover a fee owed for real estate appraisal and consulting services, and on February 16, 1998, the client paid Thigpen a $750 retainer. Thigpen falsely informed the client that he would send a demand letter and file the suit. After the client learned that Thigpen had not taken any action on his behalf, he demanded the return of the retainer and his client file. Thigpen returned the retainer after the client filed the instant grievance but still failed to return the client file. In S00Y0240, Thigpen filed pleadings with and entered an appearance before the Superior Court of Richmond County on March 12, 1999 while he was suspended from the practice of law. The suspension began on February 23, 1999 and Thigpen was reinstated on April 30, 1999.

In his petition, Thigpen asserts that he has been suffering with a severe major depression that has caused him to engage in erratic and self-destructive behavior including accepting legal matters for clients and not performing the work; failing to refund client fees that were not earned; failing to return client files; abandoning his law practice and legal matters entrusted to him by clients; and making misrepresentations to clients as to his performance on their cases. Thigpen requests that this Court impose an indefinite suspension from the practice of law with conditions as an appropriate sanction in this case. We agree and hereby accept Thigpen's petition. Although violations of Standards 4 and 44 of Bar Rule 4-102 (d) may be punished by disbarment and there are aggravating factors, including Thigpen's prior disciplinary record and his substantial experience in the practice of law, we note in mitigation Thigpen's acknowledged mental illness. Accordingly, Thigpen hereby is suspended indefinitely from the practice of law with the following conditions to be satisfied prior to seeking reinstatement. Thigpen must return all files to the clients who want them; reimburse all clients for unearned fees; obtain a report from his psychiatrist that he is able to responsibly resume his law practice; and obtain a favorable evaluation by the Lawyer Assistance Program.

Thigpen is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with conditions. All the Justices concur.*

DECIDED JANUARY 31, 2000.

*William P. Smith III*, General Counsel State Bar, *Jonathan W. Hewett*, Assistant General Counsel State Bar, for State Bar of Georgia.
*Jay W. Sawilowsky*, for appellee.