

S00Y1713, S00Y1714, S00Y1715, S00Y1716. IN THE MATTER OF WAYNE P. THIGPEN (four cases).

(538 SE2d 414)

PER CURIAM.

The State Bar filed four Notices of Discipline against Respondent Wayne P. Thigpen alleging violations of Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (b) (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules); 23 (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); and 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) of Bar Rule 4-102 (d) in each of the four disciplinary actions. Thigpen was personally served with the Notices of Discipline on July 18, 2000. Upon Thigpen's failure to respond to the Notices within the time set by Bar Rule 4-208.3 (a), Thigpen was in default pursuant to Bar Rule 4-208.1 (b), had no right to an evidentiary hearing, and was subject to discipline by this Court. On August 29, 2000, the State Bar filed a Proof of Service of the Notice of Discipline; Motion for Issuance of Order in each of the disciplinary actions asking this Court to adopt the Notices of Discipline. The State Bar recommended disbarment as

an appropriate sanction in each of the disciplinary actions for Thigpen's violations of Standards 4, 22 (b), 23, and 44 of Bar Rule 4-102 (d).

On September 15 and 22, 2000, respectively, Thigpen's attorney, Jay Sawilowsky, filed a response and a supplemental response to the Notices of Discipline noting that in January 2000 this Court accepted from Thigpen a Petition for Voluntary Discipline of indefinite suspension with conditions, see *In the Matter of Thigpen*, 272 Ga. 45 (526 SE2d 839) (2000). As the petition was based on Thigpen's acknowledged mental illness and supported by a medical report, Sawilowsky claims that the State Bar was aware of Thigpen's condition and of Sawilowsky's legal representation of Thigpen and thus should have presented Sawilowsky with courtesy copies of the Notices of Discipline when the Notices were served on Thigpen. Sawilowsky further asserts that he sent letters to the former clients who are the subjects of these disciplinary matters on July 6, 2000, enclosed reimbursement checks to three of the grievants for the fees paid to Thigpen, and asked the fourth grievant to inform Sawilowsky as to the fee paid in order to receive reimbursement, but she did not respond. According to Sawilowsky, although the State Bar was copied on the letters and was reminded of the reimbursements and Sawilowsky's representation of Thigpen in subsequent communications, the State Bar proceeded with its Motions for Issuance of Order seeking disbarment based, at least in part, on Thigpen's failure to reimburse the client fees. Sawilowsky asks this Court to deny the State Bar's Motions and remand the disciplinary matter to the State Bar for further consideration. The State Bar, in its response filed on September 19, 2000, asserts that Thigpen has failed to observe proper procedure for requesting to open the default under OCGA § 9-11-55 (b) or for rejecting the Notices of Discipline in that Thigpen has not put forth a meritorious defense, does not deny the allegations made against him, and has not filed written responses to the following grievances.

In each disciplinary matter, we find that Thigpen received an interim suspension in February 1999 (see *In the Matter of Thigpen*, Case No. S99Y0662, interim suspension lifted 4/30/99) and was indefinitely suspended from the practice of law, see *In the Matter of Thigpen*, supra, with the following conditions to be satisfied prior to seeking reinstatement: that he return client files upon request, reimburse all clients for unearned fees, obtain a report from his psychiatrist that he is able to responsibly resume his law practice, and obtain a favorable evaluation by the Lawyer Assistance Program. We also note that Thigpen violated the above stated standards by failing to comply with the indefinite suspension order and by exhibiting conduct that evidences deceit, dishonesty, and a total disregard of his clients' interests.

In Case No. S00Y1713, Thigpen, who was admitted to the State Bar of Georgia in 1981, was hired by a client in 1998 to handle a domestic relations matter. Although the client paid the $750 Thigpen charged her, Thigpen never did any work on the client's case, lied to her in stating that he was working on the case, failed to return the client's file upon her request, and falsely represented to the Investigative Panel that he had returned the file and refunded the fee. Thigpen subsequently returned the fee in July 2000.

In Case No. S00Y1714, Thigpen was appointed in September 1999 by the Columbia County Superior Court to represent a client in a criminal case. Thigpen informed the client that he could not do any work for him without a fee. Although the client paid the requested fee, Thigpen never did any work on the client's case, lied to him in stating that he was working on the case, failed to return the client's file upon his request, and falsely represented to the Investigative Panel that he had returned the file and refunded the fee. Thigpen subsequently returned the fee in July 2000.

In Case No. S00Y1715, Thigpen was hired by a client to handle a collection matter for her regarding the sale of her former business. Thigpen charged the client a fee, which the client paid, but Thigpen never did any work on the client's case, lied to her in stating that he was working on the case, and failed to return the client's file or refund the fee upon her request. Thigpen subsequently attempted to return the fee in July 2000 but did not receive a response from the client as to the amount due.

In Case No. S00Y1716, Thigpen was hired in August 1999 by a client to handle a criminal case for her son. After the client paid the $1,500 fee requested by Thigpen, Thigpen never did any work on the client's son's case, lied to the client and her son in stating that he was working on the case and failed to return the client's son's file upon their request. Thigpen also falsely represented to the Investigative Panel that he had returned the file and refunded the fee. Thigpen subsequently returned the fee in July 2000.

In aggravation of discipline in each of the above matters, we note Thigpen's obstruction of the disciplinary process by failing to comply with Bar Rule 4-204.3, which requires a sworn answer to the Notice of Investigation, his prior disciplinary record, and his substantial experience in the practice of law. In mitigation of discipline, we note Thigpen's previously acknowledged mental illness and his reimbursement of the client's fees. With regard to the handling of these disciplinary proceedings, we also note our displeasure with the State Bar's counsel's response to the allegations of professional misconduct made by Sawilowsky. Although counsel is correct in his assertion that he was not required under the Bar Rules to send courtesy copies of the Notices of Discipline to Sawilowsky at the same time they were

served on Thigpen, his failure to do so and his apparent unwillingness to communicate with Thigpen's counsel in an expeditious manner exhibit a lack of professionalism unworthy of a member of the State Bar.

Based on the above stated facts, we find that disbarment is warranted as a result of Thigpen's violation of Standards 4, 22 (b), 23, and 44 of Bar Rule 4-102 (d). Accordingly, Thigpen is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 30, 2000 —
RECONSIDERATION DENIED JANUARY 5, 2001.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Jay M. Sawilowsky*, for Thigpen.