S16Y1900. IN THE MATTER OF NOLEN ARTHUR HAMER.
(792 SE2d 707)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Nolen Arthur Hamer (State Bar No. 320360) after he rejected a duly served notice of discipline (which sought a Review Panel reprimand, see Case No. S16Y1240), and prior to the issuance of a formal complaint, see Bar Rules 4-208.3, 4-208.4, and 4-227. Hamer, who became a member of the Bar in 1989, admitted that he violated the Georgia Rules of Professional Conduct in his representation of three separate clients.

As to State Disciplinary Board ("SDB") Docket No. 6813, Hamer admitted that a client retained him to file a divorce action on her behalf, which he did, but that he thereafter took virtually no action to advance the case for several months despite inquiries from the client and opposing counsel; that he did not act as diligently as he should have in arranging mediation of the case; that following mediation, he failed to draft the final order after stating he would do so; that he did not act to schedule a final hearing; that throughout the representation, he delegated most of the communication with the client to his non-lawyer assistant; that even after the client herself obtained a file-stamped request for a hearing, Hamer failed to serve the request on opposing counsel, and as a result, opposing counsel did not appear at the scheduled hearing; that at the hearing, Hamer and the client had an oral dispute in the presence of the judge; that Hamer erroneously included a statement in his written notice of intent to withdraw as the client's counsel that a specific motion had been filed when it had not been filed; and that the client obtained her final divorce decree with other counsel.

As to SDB Docket No. 6814, Hamer admitted that another client retained him to file an uncontested divorce; that he did not have a trust account and deposited the client's cash payments in his firm's operating account; that he delegated most of the communication with the client to his non-lawyer assistant; that the client made several

inquiries about the court date for her case, and the evening before the scheduled court date, Hamer's non-lawyer assistant sent a text to the client stating that the court date had been moved; that the next day, on December 17, 2014, the client met with Hamer, and Hamer told her that her husband's refusal to sign a settlement agreement meant that the case was contested, would take longer, and would cost more but that he would work to bring the case to conclusion; that about a week later, on December 24, 2014, Hamer received an e-mail from the court stating that the case had been placed on an uncontested calendar for January 6, 2015; that neither he nor his assistant tried contacting the client to notify her of the January 6, 2015 setting; that on January 6, 2015, Hamer's non-lawyer assistant tried unsuccessfully to contact the client and then sent her a text; that the client stated she tried unsuccessfully to call Hamer's office in response to the text on January 6, 2015; that a few days later, the client informed Hamer that she had been traveling out of the country from December 24, 2014 until January 9, 2015 and had previously informed him of her travel plans at their December 17, 2014 meeting; that Hamer tried unsuccessfully to persuade the judge to reopen the case but it was dismissed for want of prosecution on January 14, 2015; that he offered to file a new case for the client if she would pay the court filing fee but she refused and demanded a refund, which Hamer declined to provide.

Regarding SDB Docket No. 6815, Hamer admitted that a third client retained him to represent her in a legitimation and custody action and paid half of his fee upfront; that after successfully defending the client in an emergency hearing, he thereafter delegated communication with her to his non-lawyer assistant; that over the next few months, both he and his assistant failed to adequately respond to the client's requests to speak or meet with them, failed to maintain reasonable communication with the client, and failed to adequately and accurately inform the client about the status of her case; that he did not serve written discovery in the case; that he failed to adequately communicate with the client regarding the written discovery served by opposing counsel and failed to file any responses on the client's behalf; that he filed a motion to withdraw from representation but failed to give the client prior notice of his intent to withdraw or to serve her with a copy of the motion to withdraw; that the client learned of the withdrawal after entry of an order permitting withdrawal; and that the client requested a partial refund of the fee, which Hamer declined to provide.

Hamer admits that his conduct in SDB Docket Nos. 6813, 6814, and 6815 violated Rules 1.3, 1.4, and 5.3 (b). Hamer further admits that his conduct in SDB Docket No. 6814 violated Rules 1.15 (I) (a) and 1.15 (II) (a). The maximum penalty for a violation of Rules 1.3,

5.3 (b), 1.15 (I) (a), and 1.15 (II) (a) is disbarment. The maximum penalty for a violation of Rule 1.4 is a public reprimand.

In this matter, Hamer requests that the Court impose a Review Panel reprimand. In mitigation of discipline, Hamer states that he has no prior disciplinary record;[1] that he is remorseful for his conduct; that, over the past couple of years, he has made several changes to his office, including the implementation of staff meetings, which take place every other day in order to update each case as a team, and the inclusion of flow sheets for each file; that he now has a trust account in compliance with Rules 1.15 (I), 1.15 (II), and 1.15 (III); that he has modified his representation agreement, deleting all references to not having a trust account and to not holding client funds; and that he has opened an IOLTA account and implemented a detailed ledger.

The State Bar filed a response agreeing with the facts and mitigating factors set out by Hamer but also stating that the following aggravating factors are applicable in this case: a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. It concluded that the interests of the public and the Bar would be served by accepting Hamer's petition for voluntary discipline and imposing a Review Panel reprimand as discipline.

Having reviewed Hamer's petition and the State Bar's response, we reject the petition for voluntary discipline as there is no evidence that Hamer has refunded unearned fees, no explanation for his failure to have an IOLTA account, and no indication that he has sought input and assistance from the State Bar's Law Management Program regarding the day-to-day management of his practice.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*Hodges Law Firm, Warner R. Hodges*, for Hamer.
*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[1] Hamer was suspended on July 27, 2015 pursuant to Rule 4-204.3 (d) (interim suspension) for failing to respond to the Notice of Investigation in this matter; however, the suspension was lifted on August 18, 2015 upon his filing of a sworn response. See Case No. S15Y1730.