302 Ga. 747
FINAL COPY

S17Y1988.  IN THE MATTER OF NOLEN ARTHUR HAMER.

PER CURIAM.

This disciplinary matter is before this Court on the report of the special master,[1] who recommends the disbarment of Nolen Arthur Hamer (State Bar No. 320360). This report resulted from the proceedings associated with the Bar's filing of a formal complaint against Hamer, who has been a member of the Bar since 1989, after this Court rejected his petition for voluntary discipline, in which he sought a Review Panel reprimand as sanction for his conduct. See In the Matter of Hamer, 300 Ga. 70 (792 SE2d 707) (2016). As we recounted in our opinion rejecting Hamer's petition, the facts underlying this matter are:

> As to State Disciplinary Board ("SDB") Docket No. 6813, Hamer admitted that a client retained him to file a divorce action on her behalf, which he did, but that he thereafter took virtually no action to advance the case for several months despite inquiries from the client and opposing counsel; that he did not act as diligently as he should have in arranging mediation of the case; that following mediation, he failed to draft the final order after stating he would do

---

[1] We appointed Thomas L. Holder as special master in this matter.

so; that he did not act to schedule a final hearing; that throughout the representation, he delegated most of the communication with the client to his non-lawyer assistant; that even after the client herself obtained a file-stamped request for a hearing, Hamer failed to serve the request on opposing counsel, and as a result, opposing counsel did not appear at the scheduled hearing; that at the hearing, Hamer and the client had an oral dispute in the presence of the judge; that Hamer erroneously included a statement in his written notice of intent to withdraw as the client's counsel that a specific motion had been filed when it had not been filed; and that the client obtained her final divorce decree with other counsel.

As to SDB Docket No. 6814, Hamer admitted that another client retained him to file an uncontested divorce; that he did not have a trust account and deposited the client's cash payments in his firm's operating account; that he delegated most of the communication with the client to his non-lawyer assistant; that the client made several inquiries about the court date for her case, and the evening before the scheduled court date, Hamer's non-lawyer assistant sent a text to the client stating that the court date had been moved; that the next day, on December 17, 2014, the client met with Hamer, and Hamer told her that her husband's refusal to sign a settlement agreement meant that the case was contested, would take longer, and would cost more but that he would work to bring the case to conclusion; that about a week later, on December 24, 2014, Hamer received an e-mail from the court stating that the case had been placed on an uncontested calendar for January 6, 2015; that neither he nor his assistant tried contacting the client to notify her of the January 6, 2015 setting; that on January 6, 2015, Hamer's non-lawyer assistant tried unsuccessfully to contact the client and then sent her a text; that the client stated she tried unsuccessfully to call Hamer's office in response to the text on January 6, 2015; that a few days later, the client informed Hamer that she had been traveling out of the country from December 24, 2014 until January 9, 2015 and had previously informed him of her travel plans at their December 17, 2014 meeting; that Hamer tried unsuccessfully to

persuade the judge to reopen the case but it was dismissed for want of prosecution on January 14, 2015; that he offered to file a new case for the client if she would pay the court filing fee but she refused and demanded a refund, which Hamer declined to provide.

Regarding SDB Docket No. 6815, Hamer admitted that a third client retained him to represent her in a legitimation and custody action and paid half of his fee upfront; that after successfully defending the client in an emergency hearing, he thereafter delegated communication with her to his non-lawyer assistant; that over the next few months, both he and his assistant failed to adequately respond to the client's requests to speak or meet with them, failed to maintain reasonable communication with the client, and failed to adequately and accurately inform the client about the status of her case; that he did not serve written discovery in the case; that he failed to adequately communicate with the client regarding the written discovery served by opposing counsel and failed to file any responses on the client's behalf; that he filed a motion to withdraw from representation but failed to give the client prior notice of his intent to withdraw or to serve her with a copy of the motion to withdraw; that the client learned of the withdrawal after entry of an order permitting withdrawal; and that the client requested a partial refund of the fee, which Hamer declined to provide.

Hamer, 300 Ga. at 70-71.

The special master found that Hamer's conduct in SDB Docket No. 6813 violated Rules 1.2, 1.3, 1.4, and 1.16 (d) of the Georgia Rules of Professional Conduct. As to SDB Docket No. 6814, the special master found Hamer's conduct to have violated Rules 1.3, 1.4, 1.15 (II) (a), 1.16 (d), 3.2 , and 5.3 (b).

3

As to SDB Docket No. 6815, the special master found that Hamer violated Rules 1.2, 1.3, 1.4, 1.5 (a), 1.16 (d), 3.2, and 8.4 (a) (4). The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (II) (a), 5.3, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 1.16, and 3.2 is a public reprimand.

In his report, the special master notes that this Court looks to the ABA Standards for Imposing Lawyer Sanctions for guidance in determining the appropriate sanction, see In the Matter of Morse, 266 Ga. 652 (470 SE2d 232) (1996), and he concludes — based on the factors enumerated in ABA Standards 4.41 (b), 4.41 (c), 4.61, 4.12, and 7.1, respectively — that disbarment is appropriate in this matter because Hamer knowingly failed to provide services to a client, engaged in a pattern of neglect of client matters, knowingly deceived a client with the intent to benefit himself, dealt improperly with client property, and engaged in conduct in violation of his duties as a lawyer with the intent to benefit himself. In aggravation of discipline, the special master notes that Hamer's conduct demonstrates a pattern of misconduct consisting of multiple offenses, that he obstructed the disciplinary proceeding in bad faith, and that he has substantial experience in the practice of law. Hamer did not respond in this

4

Court to the filing of the special master's report.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Nolen Arthur Hamer be removed from the rolls of persons authorized to practice law in the State of Georgia. Hamer is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided December 11, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.