S95Y0187. IN THE MATTER OF ALVIN R. LENOIR.
(456 SE2d 584)

PER CURIAM.

Following a show cause hearing pursuant to Bar Rule 4-106, the special master entered findings of fact and conclusions of law indicating that Alvin R. Lenoir pled guilty to one count of "theft of government property under $100.00" as alleged in Criminal Information Number 1:93-CR-522 of the United States District Court for the Northern District of Georgia, and that under the circumstances, the theft is a misdemeanor crime involving moral turpitude. The special master concluded that Lenoir violated Standard 66 of Bar Rule 4-102 (d), and recommended, as does the State Bar, that Lenoir be disbarred. We conclude that Lenoir should be suspended from the practice of law in this state for 24 months.

The indictment against Respondent was based on his unauthorized use of a telephone calling card of his former employer, the United States Environmental Protection Agency, for over $3,000 in charges. Respondent admits to the crime and agrees that he should be disciplined, but requests discipline less than disbarment. In mitigation, Respondent testified that the circumstances surrounding his unauthorized use of the calling card, which lasted approximately one year, included a bitter divorce and subsequent remarriage, and his attempts to maintain contact with his daughter without the knowledge of his wife. He also offers, in mitigation, that he is making restitution, that he has had no prior disciplinary infractions or grievances filed against him, and that he has been sanctioned for his crime by the State Bar of Michigan, and further punished by the loss of his job in Michigan as a result of his crime.

In determining the appropriate sanction to impose, we look to the American Bar Association's standards for guidance. See ABA, Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 ed.); *In the Matter of Morse,* 265 Ga. 353 (456

SE2d 52) (1995). Thus we consider: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. ABA Standards, Par. 3.0. Respondent admits the serious nature of his crime. We note Respondent's testimony regarding the extenuating circumstances during the time he made the unauthorized calls. Further, we find as mitigating factors, that there was no injury to a client, that Respondent has agreed to make full restitution and has begun to do so, and that Respondent has had no previous disciplinary action or grievances filed against him. Finally, we note that Lenoir has been suspended for 180 days from the practice of law in the state of Michigan for the same conduct which is the subject of this disciplinary proceeding.

Considering the foregoing, we order that Alvin R. Lenoir be suspended from the practice of the law in this state for 24 months from the date of this opinion (May 15, 1995) and so long thereafter until Lenoir demonstrates to this Court that he has made full restitution to his former employer. Respondent is reminded of his duty under Bar Rule 4-219 to notify any clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of this Rule.

*Twenty-four months suspension with conditions. All the Justices concur, except Benham, P. J., not participating.*

DECIDED MAY 15, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.