S07Y0675, S07Y0752. IN THE MATTER OF ALVIN R. LENOIR
(two cases).
(647 SE2d 572)

PER CURIAM.

These disciplinary matters are before the Court on two Notices of Discipline filed by the State Bar against Respondent Alvin R. Lenoir recommending that Lenoir be disbarred. Although Lenoir was personally served with the Notices on April 2, 2007, he failed to file a notice of rejection in either case as required by Bar Rule 4-208.3. Accordingly, pursuant to Bar Rule 4-208.1 (b), Lenoir is in default; has no right to an evidentiary hearing; and is subject to such discipline and further proceedings as may be determined by this Court.

In S07Y0675, a client retained Lenoir in 2003 to represent him in a civil matter against a bank. The client paid Lenoir $1,450 and Lenoir wrote one letter on the client's behalf in 2003. Although Lenoir informed the client that he would file a motion in the case and send a copy to the client, the client never received any documents from Lenoir regarding the case. Between August and November 2005, the client made repeated phone calls to Lenoir but was unable to reach him. Upon going to Lenoir's office in mid-November 2005, the client was told by Lenoir that the bank kept pushing every motion back. In December 2005, the client again went to Lenoir's office and Lenoir told him that he would refund $500 to the client in January 2006. However, after again being unable to reach Lenoir by phone, the client went to Lenoir's office in February 2006 and learned that Lenoir had left the firm in December 2005. Despite the client's attempts to contact Lenoir by sending letters to Lenoir's home address and calling his home number, the client had no further contact with Lenoir. Based on these facts, the Investigative Panel of the State Disciplinary Board found probable cause to believe that Lenoir violated Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

In S07Y0752, a client retained Lenoir in early 2004 to represent her in a civil action against her neighbors. The client paid Lenoir a $15,000 retainer and Lenoir filed a complaint in February 2004. Although opposing counsel filed an answer and request for production of documents in August 2004 and sent a letter to Lenoir noting that Lenoir had previously represented the defendants against his client in a substantially related matter and demanding that Lenoir dismiss the case due to the conflict of interest, Lenoir failed to respond to the discovery request and failed to dismiss the case. In March 2005, Lenoir filed a motion to withdraw. However, he failed to communicate with his client after filing the complaint, including failing to notify her of his intent to withdraw from the case, and he did

not refund any portion of the client's retainer. Based on these facts, the Investigative Panel of the State Disciplinary Board found probable cause to believe that Lenoir violated Rules 1.3, 1.4, 1.9, 1.16, 3.2, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

The maximum penalty for a violation of Rules 1.1, 1.2, 1.3, or 1.9 is disbarment, while the maximum penalty for a violation of Rules 1.4, 1.5, 1.16, 3.2, or 9.3 is a public reprimand.

We have reviewed the records in these matters and agree with the Investigative Panel of the State Disciplinary Board that based on his conduct as set forth above, Lenoir violated Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.9, 1.16, 3.2, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct and that the appropriate sanction is disbarment. In aggravation of discipline, we note that Lenoir has had multiple disciplinary actions brought against him, and received a 24-month suspension in 1995, see *In the Matter of Alvin R. Lenoir*, 265 Ga. 403 (456 SE2d 584) (1995); a public reprimand in 1996, see *In the Matter of Alvin R. Lenoir*, S97Y0020 (12/05/96); an Investigative Panel reprimand in 2004; and a letter of formal admonition in 2006. Accordingly, Lenoir hereby is disbarred from the practice of law in the State of Georgia. He is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham, J., not participating.*

DECIDED JULY 13, 2007.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.