295 Ga. 181
FINAL COPY

S14Y0689. IN THE MATTER OF XAVIER CORNELL DICKS.

PER CURIAM.

This disciplinary matter is before the Court on the Review Panel's post-remand report and recommendation which recommends that this Court disbar Respondent Xavier Cornell Dicks (State Bar No. 221142) for conduct arising out of his abandonment of a client.

The procedural history of this case is somewhat complicated but the record shows that after the State Bar filed a formal complaint, Dicks, who was admitted to the Bar in 1991, filed a petition for voluntary discipline seeking a public reprimand and promising to pay restitution. The facts, as admitted in Dicks' answer to the formal complaint and in the voluntary petition, and as established at the hearing before the special master, show that a client had hired Dicks in June 2007 to represent the client in a suit to enforce a mechanic's lien to recover $175,000. Although Dicks was aware that the statute of limitations to enforce the lien would expire on December 15, 2007, Dicks did not file an action to enforce the lien until January 18, 2008. At the time he filed the suit, Dicks

believed it had no merit. Dicks failed to appear at the hearing scheduled on the motion to dismiss the action, and the trial court dismissed it for failure to prosecute. Dicks did not inform his client that the action had been dismissed. Dicks re-filed the action, but it was dismissed with prejudice because the original action had not been timely filed. Dicks again failed to timely notify his client of the dismissal.

In July 2009, Dicks informed his client that the action had been dismissed due to the expiration of the statute of limitations. He also presented his client with a release that released Dicks from any causes of action arising out of Dicks' handling of the suit in exchange for Dicks' promise to pay the client $25,000 by September 28, 2009. Under the release, the client also agreed not to file a Bar complaint against Dicks. Dicks did not inform the client that he should have another lawyer look at the release before he signed it. The client's signature on the release is notarized by Dicks' paralegal, but at the hearing, the client testified that he did not sign the release before a notary and that only he and Dicks were present when the release was signed. After the State Bar issued its notice of investigation, Dicks failed to file a timely response as required by Rule 4-204.3. Although Dicks promised in his petition for voluntary discipline that he would

2

pay restitution of $25,000 to his client, he has only paid about $6,000.

Based on this conduct, the special master, Clark D. Cunningham, found that Dicks violated Rules 1.3, 3.1, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rules 3.1 and 9.3 is a public reprimand. In aggravation of discipline, the special master found that Dicks did not make a timely good-faith effort to make restitution; that Dicks refused to acknowledge the wrongful nature of his conduct; that Dicks submitted false evidence during the disciplinary process by presenting the release with the false notarization to the Investigative Panel as evidence of mitigation; that Dicks had two prior disciplinary actions against him — Investigative Panel reprimands issued in 2003 and 2009; that the underlying facts of those prior cases involved a similar pattern of Dicks abandoning clients, but trying to justify his conduct by expressing doubts about the merits of the clients' cases; that the case presents multiple offenses; and that Dicks has substantial experience in the practice of law. The special master stated that Dicks offered no evidence in mitigation. The special master concluded that the violation of Rule 1.3 was alone a sufficient basis for disbarment, but also cited Rule 4-103, which provides that

a third disciplinary infraction constitutes discretionary grounds for suspension or disbarment. The special master found that nothing in the record indicated that another reprimand or even a period of suspension would adequately protect future clients, opposing parties, and courts from Dicks' continued misconduct. Thus, in light of the extensive aggravating factors, the special master recommended disbarment. Dicks requested review by the Review Panel, but failed to file any exceptions. The Review Panel adopted the special master's findings of fact and conclusions of law, and also recommended disbarment. This Court agreed that disbarment was appropriate and issued an opinion on April 24, 2012 disbarring Dicks. But on Dicks' motion for reconsideration this Court vacated that opinion, and remanded the case to the special master for an evidentiary hearing limited to the issues of whether respondent was mentally impaired and, if so, whether any such mental impairment impacted upon his ability to present evidence of mitigating circumstances.

On remand, the special master held several conferences and hearings on the record during which he repeatedly attempted to provide Dicks with the opportunity to present evidence of his mental impairment and mitigating circumstances, while keeping the matter on track. Ultimately, the special master

issued an extensive report and recommendation concluding that Dicks had not offered any admissible evidence to show, and thus had not established, that he was mentally impaired at any relevant time during the disciplinary proceedings or during the period of misconduct for which he is subject to discipline. And, although Dicks attempted to establish new mitigating factors, the special master concluded that Dicks had not established that he could not have presented these allegedly mitigating circumstances but for his mental impairment. Moreover, the special master found, as additional factors in aggravation of discipline, that during the pendency of this case, Dicks had received a formal letter of admonition with regard to yet another disciplinary matter wherein he was charged with abandoning his client and that Dicks had submitted false or misleading evidence to the special master during the proceedings on remand. Accordingly, the special master recommended that Dicks be disbarred. Although Dicks sought review from the Review Panel, it approved the special master's findings and conclusions, including those having to do with the new factors in aggravation. Dicks has not filed written exceptions to the report and recommendation of the Review Panel.

Having considered the entire record in this matter, the Court agrees that

5

disbarment remains the appropriate sanction.  Accordingly, it is hereby ordered that the name of Xavier Cornell Dicks be removed from the rolls of persons authorized to practice law in the State of Georgia.  Dicks is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided May 5, 2014.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.