303 Ga. 818
FINAL COPY

S18Y0601, S18Y0602.  IN THE MATTER OF
GREGORY REECE BARTON (two cases).

P ER CURIAM.

These disciplinary matters are before the Court on the reports filed by special master Adam M. Hames, who recommends the disbarment of respondent Gregory Reece Barton (State Bar No. 040717).  The State Bar filed formal complaints regarding these client representation matters, and Barton, who has been a member of the Bar since 1998, acknowledged service of the complaints but thereafter failed to timely file an answer.  The Bar moved the special master to find Barton in default, and the special master does so find Barton, noting that, pursuant to Bar Rule 4-212 (a), the facts and violations alleged in the complaints are deemed admitted.

As to Case No. S18Y0601, Barton was appointed in November 2015 to represent a defendant on charges of theft by taking, but he failed to communicate with the client or to take any action on the client's behalf.  After both the client and the client's grandmother contacted the judge overseeing the

client's case to complain about Barton's failure to communicate or take action on the case, the court scheduled a hearing to address the matter. Barton contacted the judge's assistant to say that he would be unable to attend because he was ill, but was told that his appearance would nonetheless be required. Barton failed to appear and was removed from the client's case. As to Case No. S18Y0602, Barton represented a different criminal defendant, but he failed to appear at two separate calendar calls and did not notify either his client or the court that he would be absent; Barton did later appear at a status hearing ordered by the court and resolved the client's case with the prosecutor. In both matters, Barton admits that he is unable to remember the events in question because of his abuse of alcohol.

As to each matter, the special master finds that Barton's conduct violated Rules 1.3, 1.4, and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4 and 3.2 is a public reprimand. The special master also notes that Rule 4-104 provides that "want of a sound mind" and "habitual intoxication" may constitute grounds for removing an attorney from the practice of law. In mitigation of discipline, the

2

special master notes that Barton lacks a prior disciplinary history, but, in aggravation, the special master notes Barton's failure to respond to the disciplinary proceedings; the special master further notes that Barton's failure to respond to the disciplinary proceedings deprived the special master of any additional evidence in mitigation of discipline. Noting that ABA Standard 4.41 (b) and (c) provide that disbarment is generally appropriate where serious or potentially serious injury is caused to a client by, respectively, the lawyer's knowing failure to perform services for the client and the lawyer's having engaged in a pattern of neglect of client matters, the special master recommends that Barton be disbarred for his conduct. Neither Barton nor the Bar have filed any pleading in this Court since the filing of the special master's reports.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Gregory Reece Barton be removed from the rolls of persons authorized to practice law in the State of Georgia. Barton is reminded of his duties pursuant to Bar Rule 4-219 (c).

<u>Disbarred. All the Justices concur.</u>

Decided April 16, 2018 — Reconsideration dismissed June 18, 2018.

Disbarment.

<u>Paula J. Frederick</u>, General Counsel State Bar, <u>Jenny K. Mittelman</u>, <u>Assistant General Counsel State Bar</u>, for State Bar of Georgia.