In the Supreme Court of Georgia

Decided: February 4, 2019

S19Y0498. IN THE MATTER OF JACK S. JENNINGS.

PER CURIAM.

This disciplinary matter involving Jack S. Jennings (State Bar No. 390990) is before the Court on the report and recommendation of the special master, LaRae D. Moore, recommending that the Court disbar Jennings for his abandonment of a legal matter entrusted to him and the subsequent pattern of misconduct that followed the initial abandonment of his client.

The record shows that after one of Jennings's former clients filed a grievance in 2017, the Investigative Panel issued a Notice of Investigation. Jennings acknowledged service of the Notice but failed to file a response as required by former Bar Rule 4-204.3 (a).[1] After the State Bar filed its formal complaint in May 2018, this Court appointed a special master. Jennings was personally served with the formal complaint but failed to file a response as

---

[1] This Court issued an order on January 12, 2018, comprehensively amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"); however, the former rules govern this matter.

required by former Bar Rule 4-212 (a). As a result of his default, the facts alleged and violations charged were deemed admitted. Id.

The special master's thorough report found that Jennings, who was admitted to the Bar in 1987, was representing a client in an estate matter pending in court. Although the client terminated Jennings and retained new counsel in March 2017 and new counsel immediately sought to obtain the client file, Jennings failed to cooperate with the substitution of counsel and never provided the full file. Instead, Jennings provided a partial file that omitted documents showing that Jennings had failed to respond to requests for admission. New counsel was required to seek the court's assistance in obtaining the file, but Jennings failed to appear at the hearing scheduled on the matter, and even after the court ordered Jennings to turn over the file and to pay attorney fees, Jennings failed to comply with the court's order. By successfully filing a motion to withdraw the matters deemed admitted by Jennings's failures, the client's new counsel was able to mitigate the harm Jennings caused.

The special master concluded that by this conduct, Jennings violated Rules 1.3, 1.4, 1.16 (d), 3.2, and 9.3, of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3

is disbarment, and the maximum sanction for the other violations is a public reprimand. The special master considered the ABA Standards for Imposing Lawyer Discipline, see In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996), and found the following aggravating factors present: the misconduct involved multiple violations; Jennings failed to comply with the rules and directions of the State Bar; Jennings refused to acknowledge the wrongful nature of his conduct; Jennings has substantial experience in the practice of law; and Jennings showed indifference to making restitution. See ABA Standard § 9.22. In mitigation, the special master noted that Jennings had no prior disciplinary record. Id. at § 9.23. The special master recommended disbarment as the appropriate sanction. Jennings did not seek review of the special master's report under former Bar Rule 4-217 (c) and has not filed a response in this Court.

Having considered the record, we concur with the special master's recommendation that disbarment is the appropriate sanction in this matter. In addition to abandoning the legal matter entrusted to him, Jennings intentionally concealed his misconduct, further harming his client, and then blatantly ignored the trial court's order to pay the court-ordered attorney fees for the trouble he

3

caused. Finally, Jennings refused to participate in the disciplinary process. These facts, which show a pattern of misconduct, support the sanction of disbarment. See, e.g., In the Matter of Barton, 303 Ga. 818 (813SE2d 590) (2018) (disbarring lawyer for violations of Rules 1.3, 1.4, and 3.2); In the Matter of Evans, 289 Ga. 744 (715 SE2d 131) (2011) (disbarring lawyer for violations of Rules 1.1, 1.3, 1.4, 1.5, 1.16, 3.2, and 9.3); and In the Matter of Vogel, 279 Ga. 719 (620 SE2d 389) (2005) (disbarring lawyer for violations of Rules 1.2, 1.3, 1.4, 1.16, 3.2, and 9.3). Accordingly, we accept the special master's report and recommendation and hereby order that the name of Jack S. Jennings be removed from the rolls of persons authorized to practice law in the State of Georgia. Jennings is reminded of his duties pursuant to former Bar Rule 4-219 (c).[2]

Disbarred. All the Justices concur.

---

[2] Rule 4-219 (b) now states the requirements of former Bar Rule 4-219 (c).