306 Ga. 622
FINAL COPY

S19Y1192. IN THE MATTER OF CHARLES EDWARD TAYLOR.

PER CURIAM.

This disciplinary matter is before the Court on the report of special master Charles D. Jones, which recommends that Charles Edward Taylor (State Bar No. 699681) be disbarred. Taylor, who has been a member of the Bar since 1997, was personally served with the formal complaint underlying this matter, but he failed to respond to the complaint or to seek an extension of the time for responding. The Bar then moved for Taylor to be held in default, he failed to respond to the Bar's motion, and the special master found him to be in default, as a result of which he is deemed to have admitted the allegations of the complaint.

The facts, as deemed admitted by Taylor's default, show that Taylor associated with a non-lawyer who advertised mortgage loan modification services to consumers. In furtherance of this enterprise, Taylor cooperated in setting up a business entity, C.

Taylor Law Firm, LLC, and cooperated in setting up an account that would allow the LLC to accept credit card payments, which Taylor did not accept in his regular practice. Taylor's non-lawyer associate created a website for the LLC; created and disseminated marketing materials on behalf of Taylor and the LLC, some of which contained misrepresentations to the effect that Taylor had offices in Texas and Colorado; created e-mail addresses for the LLC, separate from Taylor's official e-mail address on file with the Bar; created a phone number for the LLC, separate from Taylor's official phone number on file with the Bar; wrote and signed letters on behalf of the LLC; and told customers responding to the marketing materials that they were being represented by Taylor, for whom the associate maintained he was an employee.

Taylor permitted funds paid to the LLC to go directly to the non-lawyer associate, rather than to Taylor's trust account; failed to exercise any oversight as to the payment account for the LLC; accepted referrals from the associate and filed cases without personally vetting the clients or their cases, resulting in the filing of

"skeletal" bankruptcy petitions containing only basic information and often only a partial filing fee; and identified himself on bankruptcy petitions and supporting documents as representing the clients referred by the associate, despite his failure to supervise the associate's conduct or communications about the clients' mortgages. In the absence of supervision from Taylor, the associate had clients sign forms in which they agreed to pay money to Taylor, to allow the LLC to withdraw funds from their accounts, and to authorize the release of their information not only to the LLC, but also to the associate and other individuals who were not associated with Taylor. These clients stated that they believed that their money and information would be safe because they were being entrusted to a lawyer.

In one of the client matters leading to this disciplinary matter, a client retained the LLC to avoid foreclosure, because she was attempting to sell her home and needed additional time to do so. The client spoke to Taylor and his non-lawyer associate, who assured her that they would help her keep her home long enough to find a buyer.

3

Accordingly, the client made a number of payments to the LLC, apparently totaling $2,850, but the special master noted that the record did not make clear whether any of that money was paid toward the client's mortgage, as Taylor's associate had promised the client.

Taylor informed the client that he would file a Chapter 13 bankruptcy on her behalf and obtained from her a check for $310, the filing fee for such a proceeding. However, Taylor used only $75 of the $310 to make a partial payment of the filing fee, keeping $200 as his fee for undertaking the filing and failing to account for the remaining $35. Taylor filed a skeletal bankruptcy petition on the client's behalf, but falsely declared to the bankruptcy court that he had to that date received no compensation and that his entire fee remained due. Although the filing of the skeletal petition did result in the postponement of the foreclosure sale of the client's home, the petition was shortly thereafter dismissed because the balance of the filing fee had not been paid. The client contacted Taylor about the dismissal via text message, and he responded, but he did not know

4

with whom he was communicating and did not know that the client's case had been dismissed. The bankruptcy court then sent the client a notice seeking payment of the balance of the filing fee for the dismissed case, lest additional collection proceedings ensue.

The client's home was again scheduled for a foreclosure sale, and Taylor filed a second skeletal petition, this one filed under the name of his regular firm rather than the LLC. Taylor again paid only $75 of the $310 filing fee the client provided, again keeping the balance for himself and again declaring to the bankruptcy court that he had not yet received any compensation. Taylor filed a motion for the client to be allowed to pay the filing fee for the second case in installments, but the court denied the motion because the client had defaulted on the fees owed in the prior case. Despite the filing of the second bankruptcy case, the client's home was sold in foreclosure, and she returned to her home two days later to find a dispossessory notice posted on the door. When contacted by the client, Taylor directed her to speak with his non-lawyer associate, who responded to an initial text message from the client but then failed to respond

to additional attempts at communication. The client then contacted Taylor again, but he attempted to avoid responsibility for the client's situation and told her he would look into the matter. A few days later, the client contacted Taylor to discuss why the filing fee for the first case had not been paid in full, but Taylor failed to respond to that message or her subsequent attempts at communication. The client's second case was then dismissed, and she was again served with a bill for the unpaid filing fee.

In the other client matter at issue here, the client had received a mailed advertisement from the LLC and contacted Taylor's non-lawyer associate, who provided the client with a contract with the LLC. The client, whose home was scheduled to be sold at a foreclosure sale, signed the contract and made payments totaling $2,250 to the LLC. The client then paid a further $475 to Taylor, but Taylor again paid only $75 toward the filing fee for the client's bankruptcy petition, retaining the balance for himself and failing to account for it; Taylor also again falsely declared to the bankruptcy court that he had to that point received no compensation and that

6

his entire fee remained due. Taylor filed a skeletal bankruptcy petition on the client's behalf, resulting in the postponement of the foreclosure sale, and an application seeking to pay the filing fee in installments. The bankruptcy court entered an order directing that the balance of the filing fee would have to be paid in installments or else the case would be dismissed and further ordered that the skeletal petition be supplemented.

Taylor then failed to appear at a scheduled meeting of creditors, without giving notice to the court or his client that he would not appear. The court subsequently dismissed the client's case for non-payment of the full balance of the filing fee and sent the client a bill for the remaining fee. The client retained new counsel, who filed a new, complete bankruptcy plan. The client's matter was brought before the fee arbitration panel, which concluded that the client paid Taylor $2,725 for services that were not provided, that payments were made through the LLC's account, that Taylor failed to appear at a scheduled hearing or to provide notice that he would not appear, and that Taylor's non-lawyer associate acted illegally in

7

ways known to Taylor. The special master concluded that the fee award granted to the client was supported by clear and convincing evidence and that Taylor had failed to pay the amount awarded to the client.

Based on this conduct, the special master concluded that Taylor had committed violations of Rules 1.2, 1.3, 1.4, 3.1, 3.3, 5.3, 8.4 (a) (1), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. The maximum sanction for a violation of Rules 1.2, 1.3, 3.3, 5.3, and 8.4 (a) (4) is disbarment; the maximum sanction for a violation of Rules 1.4 and 3.1 is a public reprimand; and the maximum sanction for a violation of Rule 8.4 (a) (1) is the maximum penalty for the specific Rule violated.[1] In aggravation of discipline,

---

[1] Rule 8.4 (a) (1) makes it a violation for a lawyer to "violate or knowingly attempt to violate the Georgia Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another[.]" The special master concluded that Taylor violated this rule by assisting his non-lawyer associate in setting up the LLC and its account, which gave the associate "the capacity to defraud clients in [Taylor's] name." However, neither the formal complaint initiating this matter nor the special master's report identified the specific rule or rules that this conduct violated. Although that omission does not affect our conclusion in this matter, given the clear evidence of other rule violations supporting the recommended sanction of disbarment, we remind the Bar and special masters that it is necessary to specify the predicate rule

the special master found that Taylor displayed a dishonest or selfish motive, that the facts demonstrated a pattern of misconduct and multiple violations of the Rules, that he failed to comply with the Bar's rules and directions, that he refused to acknowledge his misconduct, that he has substantial experience in the practice of law, and that he has shown indifference to making restitution; the sole factor found in mitigation was Taylor's lack of a prior disciplinary history. Accordingly, the special master concluded that disbarment was the appropriate sanction and was consonant with the sanction imposed by this Court in prior disciplinary matters involving serious misconduct and the failure to participate in the disciplinary process. See, e.g., *In the Matter of Barton*, 303 Ga. 818, 819 (813 SE2d 590) (2018) (noting that, under Standard 4.41 (b) and (c) of the ABA Standards for Imposing Lawyer Sanctions, "disbarment is generally appropriate where serious or potentially serious injury is caused to a client by, respectively, the lawyer's

violations on which a Rule 8.4 (a) (1) violation is based, particularly because the maximum sanction for a violation of Rule 8.4 (a) (1) is "the maximum penalty for the specific Rule violated."

9

knowing failure to perform services for the client and the lawyer's having engaged in a pattern of neglect of client matters").

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Charles Edward Taylor be removed from the rolls of persons authorized to practice law in the State of Georgia. Taylor is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

DECIDED AUGUST 19, 2019.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.