307 Ga. 311
FINAL COPY

S19Y1329. IN THE MATTER OF JOEL S. WADSWORTH.

PER CURIAM.

This disciplinary matter is before us on the State Bar's notice of discipline, which seeks the disbarment of Joel S. Wadsworth (State Bar No. 730000), who has been a member of the Bar since 1972. The State Bar attempted to serve Wadsworth by mail at the address listed with the State Bar, and subsequently at the same address personally, but a staff investigator filed a return of service non est inventus. The State Bar then properly served Wadsworth by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii). Wadsworth failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Wadsworth's default, show that he represented several plaintiffs in a civil suit, but, during that

representation, he failed on multiple occasions to respond to client requests for information or documents related to the case. Furthermore, Wadsworth became ineligible to practice law on September 1, 2017, because of his failure to pay his Bar dues, but thereafter nevertheless continued his representation of the civil plaintiffs and failed to withdraw from that representation or take any other action to protect the clients' interests. Based on these facts, the State Bar asserts that Wadsworth violated Rules 1.4 (a) (3) and (4), 1.16 (d), and 5.5 (a) of the Georgia Rules of Professional Conduct. The maximum sanction for a violation of Rule 1.4 or 1.16 is a public reprimand, while the maximum sanction for a violation of Rule 5.5 is disbarment. In mitigation as to the appropriate level of discipline, the State Bar notes Wadsworth's absence of prior discipline in his 45 years of practicing law; in aggravation, the Bar notes Wadsworth's failure to respond to the disciplinary proceedings against him, his multiple violations showing a pattern of misconduct, his "evident" dishonest and selfish motive, and his substantial experience in the practice of law.

Although Wadsworth is in default and subject to some sanction, we are not convinced that the recommended sanction of disbarment is appropriate under the circumstances presented here. The only violation of which Wadsworth is accused that would warrant disbarment is the violation of Rule 5.5 (a) involving his unauthorized practice of law after September 1, 2017 (based on his failure to pay his Bar dues). However, no information is provided regarding the extent to which Wadsworth continued the representation of his clients after becoming ineligible to practice. Absent some more serious supporting allegations, disbarment would not necessarily be warranted for such a violation. See, e.g., *In the Matter of Iwu*, 303 Ga. 539, 541 (813 SE2d 336) (2018) (three-year suspension for violations of Rules 5.5 (a), 8.1 (a), and 8.4 (a) (4); noting that "Iwu's initial violation of Rule 5.5 (a) for having filed an answer and counterclaim on behalf of a client while ineligible to practice law may have subjected him to the much less serious sanction of a public reprimand rather than a suspension or disbarment. But, through Iwu's choice to lie to the Bar during the

3

disciplinary proceedings in an effort to avoid taking responsibility for his actions, he only exacerbated his own problems by subjecting himself to more serious sanctions"). Furthermore, although the Bar cited in aggravation Wadsworth's "evident" dishonesty and selfishness, none of the conduct alleged in the notice of discipline supports such an assertion.

Accordingly, despite Wadsworth's default, we reject the Bar's notice of discipline, as the sanction suggested therein is not appropriate in light of the alleged conduct. Although we have the authority to determine the appropriate level of discipline in this matter, see Rule 4-208.1 (b) ("The Supreme Court of Georgia is not bound by the State Disciplinary Board's recommendation and may impose any level of discipline it deems appropriate."), we decline here to exercise our discretion to do so, in the hope that any future filing by the Bar as to this disciplinary matter either will contain additional allegations more properly supporting the sanction the Bar now seeks or will propose that some lesser sanction is sufficient to address the misconduct at issue.

*Notice of discipline rejected.  All the Justices concur.*

DECIDED NOVEMBER 4, 2019.
Notice of discipline.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, William Van Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.