312 Ga. 159
FINAL COPY

S21Y1016. IN THE MATTER OF JOEL S. WADSWORTH.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Catherine H. Hicks, who recommends that respondent Joel S. Wadsworth (State Bar No. 730000) be disbarred for his violations of multiple Georgia Rules of Professional Conduct in conjunction with his representation of several clients in a civil action in which they were plaintiffs.[1]

---

[1] This Court previously rejected a notice of discipline seeking Wadsworth's disbarment based on the same conduct at issue in this matter. See *In the Matter of Wadsworth*, 307 Ga. 311, 312 (835 SE2d 632) (2019). When the matter was initially presented to us, we were "not convinced that the recommended sanction of disbarment [was] appropriate under the circumstances," especially given that "[t]he only violation of which Wadsworth [was] accused that would warrant disbarment [was] the violation of Rule 5.5 (a) involving his unauthorized practice of law . . . (based on his failure to pay his Bar dues)" and "no information [was] provided regarding the extent to which Wadsworth continued the representation of his clients after becoming ineligible to practice." Id. We concluded that "[a]bsent some more serious supporting allegations, disbarment would not necessarily be warranted for such a violation" and expressed our hope that "any future filing by the Bar as to this disciplinary matter either [would] contain additional allegations more properly supporting the sanction the Bar now seeks or [would] propose that some lesser sanction is sufficient to address the misconduct at issue." Id. at

Despite having been properly served with the Formal Complaint, Wadsworth — a member of the Bar since 1972 — did not answer or otherwise respond, and the special master therefore found him to be in default.

The facts, as deemed admitted by Wadsworth's default, show the following. In September 2016, Wadsworth began representing several plaintiffs in a civil case in the Superior Court of Fulton County. Certain defendants filed motions to dismiss and then motions for summary judgment, but Wadsworth failed to file responses on behalf of his clients for any of those motions; failed to respond to reasonable discovery requests; and stopped performing work on the case. On September 1, 2017, Wadsworth became ineligible to practice law for failure to pay his State Bar of Georgia dues.[2] But Wadsworth did not notify his clients that he was

311-312. As explained more below, the Bar no longer alleges that Wadsworth has violated Rule 5.5 (a), but does allege new violations of the Georgia Rules of Professional Conduct in this matter.

[2] Although the notice of discipline in this matter alleged that Wadsworth violated Rule 5.5 (a) (unauthorized practice of law), the formal complaint does not allege a Rule 5.5 (a) violation. However, the formal complaint states that

ineligible to practice law, did not withdraw from representing them, and remained counsel of record. On May 24, 2018, the trial court presiding over the case granted certain defendants' motions for summary judgment and scheduled the case for trial. On June 18, 2018, one of the clients filed a pro se request for a continuance and extension of time for the pre-trial order and trial, stating that Wadsworth was not responding to her and failed to provide her with documents and information to prepare for trial. Wadsworth's other clients also filed pro se motions and represented themselves in the case because of his failure to communicate with them.

---

Wadsworth "did not withdraw from representation after he became ineligible to practice law on September 1, 2017," and that "[t]o date, [Wadsworth] is ineligible to practice law for failure to pay his State Bar of Georgia dues." The special master's recommendation likewise included findings that Wadsworth "remained counsel of record for plaintiffs . . . after he became ineligible to practice law"; that he "did not withdraw from representation after he became ineligible to practice law on September 1, 2017"; and that "[t]o date, [Wadsworth] is ineligible to practice law for failure to pay his State Bar of Georgia dues." Like the special master, we do not consider Wadsworth's failure to pay Bar dues as a standalone aggravating factor, but we do consider it to the extent conduct related to Wadsworth's failure to pay Bar dues relates to a violation of another rule of professional conduct, such as the violation of Rule 1.16 (d) at issue here.

3

Based on those facts, the special master found that Wadsworth had violated Rules 1.2 (a), 1.3, 1.4 (a) (3) and (4), 1.16 (d), and 3.2 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum punishment for a violation of Rule 1.2 (a) or 1.3 is disbarment, whereas the maximum punishment for a violation of Rules 1.4 (a) (3) and (4), 1.16 (d), or 3.2 is a public reprimand.

The special master considered the ABA Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and found that under these facts disbarment is the appropriate sanction. See ABA Standard 4.41. She found no factors in mitigation of discipline, but found in aggravation that Wadsworth had a history of prior discipline (four formal letters of admonition);[3] had a dishonest or selfish motive; had committed multiple offenses; and had substantial experience in the practice of law. See ABA Standard 9.22 (a), (b), (d), and (i).

---

[3] We note that in the notice of discipline this Court rejected in 2019, the Bar failed to set forth Wadsworth's four prior instances of discipline. The Bar then erroneously cited Wadsworth's lack of prior discipline as a mitigating factor in that case — a representation this Court relied on in rejecting the notice of discipline in that matter. See *Wadsworth*, 307 Ga. at 311.

4

Accordingly, the special master concluded that disbarment was the appropriate sanction and that it was consistent with prior cases disbarring lawyers who failed to perform work, failed to communicate with clients, and abandoned or otherwise neglected client matters. See *In the Matter of Annis*, 306 Ga. 187, 187-189 (829 SE2d 346) (2019) (disbarring attorney who failed to communicate with clients, failed to file pleadings on their behalf, and abandoned legal matters to their detriment); *In the Matter of Jennings*, 305 Ga. 133, 134-135 (823 SE2d 811) (2019) (disbarring attorney for abandoning legal matter entrusted to him by failing to respond to discovery requests or to cooperate or provide full file to client's new counsel after his representation ended); *In the Matter of Miller*, 302 Ga. 366, 366-367 (806 SE2d 596) (2017) (disbarring attorney for abandoning legal matter entrusted to him and failing to communicate with client, who had to proceed pro se); *In the Matter of Lenoir*, 282 Ga. 311, 311-312 (647 SE2d 572) (2007) (disbarring attorney for failing to file pleadings on clients' behalf or to adequately communicate with clients).

Having considered the record — including the new rules violations the Bar alleged and the special master found, as well as the accurate accounting of Wadsworth's disciplinary history — we agree that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Joel S. Wadsworth be removed from the rolls of persons authorized to practice law in the State of Georgia. Wadsworth is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. Nahmias, C. J., Boggs, P. J., and Peterson, Warren, Bethel, Ellington, McMillian, and LaGrua, JJ., concur.*

Decided July 7, 2021.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.