NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: April 19, 2022

S22Y0440. IN THE MATTER OF TIFFINI COLETTE BELL

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation issued by Special Master LaRae Dixon Moore, who recommends that Tiffini Colette Bell (State Bar No. 676971) be disbarred for her violations of a variety of the Georgia Rules of Professional Conduct in conjunction with her representation of a client in a dispossessory action. The State Bar filed a formal complaint, and Bell answered. Discovery proceeded, and the Bar then moved for partial summary judgment. Bell did not respond to the Bar's motion. No hearing having been requested, the Special Master considered the record and entered an order granting the Bar's motion for partial summary judgment. Shortly thereafter,

the Special Master entered her report and recommendation, recommending Bell's disbarment.

The Special Master found the following facts to be established by the record, and we agree that the record supports her findings. Bell has been a member of the State Bar since 2006. In September 2017, a client retained Bell to represent her in a dispossessory action against a tenant. The client paid Bell $210 to draft and file a complaint. On September 28, 2017, Bell informed her client that she would file the complaint that day; she did not. The following day, the client inquired as to whether Bell filed the complaint and served the defendant, to which Bell replied that she had filed the complaint but was waiting for the client to pay the service fee. Bell did not file the complaint until October 3, 2017. Afterward, Bell twice told her client that she had served the defendant; Bell never served the defendant with the complaint. In November 2017, the client informed Bell of updated costs to add to the claim. Bell told her client that she would amend the claim that week; Bell never amended the claim. In December 2017, Bell told her client that she filed a motion for

default and expected the court to schedule a hearing on that motion near the beginning of 2018; Bell never filed a motion for default in the case. The court placed the case on a calendar call for June 26, 2018, and although Bell was aware of the hearing, she did not appear, causing the court to dismiss the case for want of prosecution. Bell received a copy of the dismissal order but did not notify her client about it until August or September of 2018. Other than the complaint, Bell did not file anything in the client's case. Bell told her client that she filed a necessary certificate verifying that the defendant was not on active duty in the military; Bell never did so. Bell told her client that she would refile her lawsuit after it was dismissed; Bell never did so. Throughout the representation, Bell failed to adequately respond, or to respond at all, to her client's attempts to contact her for information and updates on the case.

Based on these facts, the Special Master found that Bell had violated Rules 1.2 (a), 1.3, 1.4 (a), and 3.2. The maximum punishment for a violation of Rule 1.2 or 1.3 is disbarment, whereas

the maximum punishment for a violation of Rule 1.4 or 3.2 is a public reprimand.

The Special Master considered the ABA Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and found that Bell's violations of the duties owed to her client were intentional and knowing, rather than inadvertent or negligent; that they harmed her client; and that disbarment was the appropriate sanction. See ABA Standard 4.0 and 4.41 (disbarment appropriate when lawyer engages in pattern of neglect with respect to client matters and causes serious or potential serious injury to a client). The Special Master found no factors in mitigation of discipline, but found in aggravation that Bell had a history of prior discipline (a 2015 investigative panel reprimand and a 2016 review panel reprimand)[1]; a dishonest or

---

[1] In 2015, Bell received a confidential investigative panel reprimand for violations of Georgia Rules of Professional Conduct 3.1, 3.3, and 8.4 (a) (4). The investigative panel found that Bell had failed to dismiss a complaint as promised, failed to inform a judge of a competing action in another county, and obtained a final divorce decree without proper notice to the opposing party or his lawyer. In 2016, this Court accepted Bell's petition for voluntary discipline

4

selfish motive; a pattern of misconduct; multiple offenses; and substantial experience in the practice of law. See ABA Standard 9.22 (a), (b), (c), (d), and (i). Accordingly, the Special Master concluded that disbarment was the appropriate sanction and that it was consistent with prior cases disbarring lawyers who failed to perform work, failed to communicate with clients, and abandoned or otherwise neglected client matters. See *In the Matter of Dicks*, 295 Ga. 181, 181-182, 184 (758 SE2d 311) (2014) (disbarring an attorney who failed to timely file suit prior to the expiration of a statute of limitation, twice failed to timely notify his client that actions had been dismissed, and improperly advised the client when presenting a document releasing the attorney from liability, where the attorney

---

and ordered that Bell receive a review panel reprimand for violations of Georgia Rules of Professional Conduct 1.3, 1.4, and 8.4 (a) (4), after she admitted that

> in the representation of a client in a child custody matter, she . . . fail[ed] to truthfully communicate with her client regarding discovery and appointment of a guardian ad litem, fail[ed] to timely respond to discovery, fail[ed] to seek the appointment of a guardian ad litem, and fail[ed] to thoroughly prepare for certain hearings.

*In the Matter of Bell*, 299 Ga. 143, 143-144 (787 SE2d 166) (2016).

presented no evidence in mitigation and aggravating factors included, among other things, multiple offenses, substantial experience in the practice of law, and two prior disciplinary actions involving a similar pattern of abandoning clients); *In the Matter of Davis*, 290 Ga. 857, 857-858, 861 (725 SE2d 216) (2012) (disbarring an attorney who failed to communicate with her client, failed to appear at a hearing, failed to effectively withdraw from the representation, and made false statements in response to a notice of investigation, where mitigating circumstances were absent and aggravating factors included, among other things, a prior disciplinary history, multiple offenses, and substantial experience in the practice of law); *In the Matter of Wadsworth*, 312 Ga. 159, 159-161 (861 SE2d 104) (2021) (disbarring an attorney for failing to file responses to dispositive motions or respond to discovery requests on the clients' behalf, for failing to continue working on the case, and for failing to communicate with his clients, where there were no mitigating factors and several aggravating factors, including a history of prior discipline, a dishonest or selfish motive, commission

6

of multiple offenses, and substantial experience in the practice of law); *In the Matter of Powell*, 310 Ga. 859, 860-861 & n.1 (854 SE2d 731) (2021) (disbarring an attorney who accepted payment from a client and entered an appearance on the client's behalf but then failed to respond to requests for an update on the case, perform any work on the case, or appear in court for hearings, where there were no mitigating factors and numerous aggravating factors, including a prior disciplinary sanction, a dishonest or selfish motive, a pattern of misconduct, vulnerability of the victim, and substantial experience in the practice of law).

Bell filed a short, one-page list of exceptions to the Special Master's report and recommendation.[2] Bell argues that this Court should suspend, rather than disbar, her for several reasons, none of which we find persuasive. First, Bell asserts that the Special Master failed to consider that "[m]ost of the issue[s] in the case occurred

---

[2] Bell initially missed her deadline to file exceptions, but we granted her request for an extension of time to do so. Although our order granting the extension provided that "[a] copy of this order MUST be attached as an exhibit to the document for which the respondent received this extension," Bell did not comply with that directive.

7

during a period of time where [she] was not mentally capable of practicing law," due to severe depression related to the death of her father for which she sought help from the "State Bar Lawyer Services" and a mental health professional. As the Bar correctly responds, however, the Special Master considered these claims and found that, although Bell had testified at her deposition about "the sudden, unexpected loss of her father in April 2018," she had "offered no evidence" that she "experienced depression [or] extreme mental distress" as a result, that she "obtained counseling through the State Bar," or that any mental conditions "impacted her ability to practice law." Moreover, Bell's history of dishonest conduct, for which she has been disciplined on two separate occasions, suggests that mental-health issues triggered by the death of her father do not fully explain the underlying misconduct at issue here. Second, although Bell argues that the client only compensated her for drafting the complaint, this does not explain why, as the Special Master found, Bell "continued to make [false] representations to [the client] of work she was purportedly doing in the case." Finally, Bell argues that she

has "made substantial changes in [her] practice since the allegations in this matter[,] . . . join[ing] a partnership and creat[ing] systems to help [her] . . . with [her] workflow [and with] managing the stress of the practice of law." However, these alleged changes do not excuse the pattern of intentional and knowing misconduct at issue here. Nor are we persuaded that such changes would reduce the risk of additional rules violations in the future, given Bell's history of discipline for similar dishonest conduct.

Having considered the record, including Bell's exceptions before this Court and the Bar's responses to them, we agree that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Tiffini Colette Bell be removed from the rolls of persons authorized to practice law in the State of Georgia. Bell is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*