**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided:  June 22, 2022

S22Y0803. IN THE MATTER OF SHERRI LEN WASHINGTON.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the State Disciplinary Review Board, which recommends disbarring respondent Sherri Len Washington (State Bar No. 107007) for her multiple violations of the Georgia Rules of Professional Conduct ("GRPC") in connection with three separate client matters. Despite being personally served with the formal complaint, Washington, who has been a member of the State Bar since 2007, failed to timely answer or otherwise respond, and the special master, Catherine Koura, therefore found her to be in default such that the factual allegations and the disciplinary violations charged in the formal complaint were deemed admitted. See Bar Rule 4-212 (a). After assessing Washington's conduct in the context

of the American Bar Association Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996) (stating that this Court looks to the ABA Standards for guidance in determining appropriate disciplinary sanction), the special master recommended that Washington be disbarred from the practice of law. Thereafter, Washington hired counsel, who filed objections and initiated a late defense before the Review Board, but counsel later withdrew and Washington failed to further support her objections, which resulted in the Review Board's correctly declining to consider the objections and essentially adopting the special master's report and recommendation as to discipline. Washington has filed no exceptions to the Review Board's report and recommendation, and we agree that the circumstances of this matter warrant disbarment.

The facts, as deemed admitted by Washington's default, show the following. With regard to State Disciplinary Board Docket ("SDBD") No. 7444, a client retained Washington to represent her in a simple divorce case in March 2017. The client sought a division of

her husband's 401(k) retirement account, temporary and permanent spousal support, and division of marital assets, and she asked Washington to file the divorce as quickly as possible because she feared her husband would take steps to remove her from his health insurance and to request a protective order because she feared for her safety. Washington failed to file the divorce promptly, which led to her client's loss of her health insurance, and failed to seek a protective order. As the case proceeded, Washington failed to keep her client advised of the status of the case, failed to respond to court notices, failed to exchange mandatory discovery, failed to attend the pretrial status conference, failed to provide the required domestic relations financial affidavit, failed to complete the consolidated pretrial order required by the court, failed to respond to requests from opposing counsel for this information, and failed to participate in a conference call with the court on the subject of outstanding discovery and the incomplete pretrial order. Eventually, the case was set for trial on October 27, 2017, but neither Washington nor her client appeared for the court date. The trial court granted the

divorce on terms which were very unfavorable to Washington's client.

Throughout this time period, Washington's client was not aware of the status of her case because Washington would not respond to any of the client's numerous calls or emails. Indeed, the client discovered the final judgment of divorce on the clerk's website. When the client sent Washington a "screenshot" of the divorce decree via text message, Washington acknowledged the text but did not call her client. Instead, Washington immediately filed a motion to reconsider the divorce judgment, which was unsuccessful. In addition, Washington told both her client and the trial court that she was sick on the evening of October 24, 2017, and therefore had overlooked the trial notice, which was sent to her electronically on that date, but her client found pictures posted on Facebook of Washington at a sorority function the same night that she claimed to be sick. Despite repeated requests, the client never received a copy of her final divorce decree from Washington's office, and she ultimately retained new counsel and obtained, by default, a

malpractice judgment against Washington. The judgment has not yet been paid.

With regard to SDBD No. 7445, the admitted facts are that Washington was paid $515 to represent a client, who had been convicted of child molestation in 2011 and resentenced in November 2015. She was asked to perfect the record and pursue an appeal from the new sentence – tasks that obviously were time sensitive. After receiving payment of the fee, however, Washington stopped communicating with her client and his family; the deadline to perfect the record passed; and her client's appeal was dismissed. Washington has not refunded the fee.

With regard to SDBD No. 7446, the admitted facts are that a client retained Washington in March 2019 to file suit against her contractor for negligent work on her bathroom. The client was worried about the statute of limitations and asked Washington to proceed with the case as soon as possible. The client paid a retainer of $3,000, but Washington failed to take any action in the case and failed to communicate with her client. Eventually, the client

terminated the relationship and requested a refund of her fee in a certified letter to Washington, but Washington refused to accept the certified letter and did not refund the fee until after the Bar filed its notice of investigation in this matter.

Finally, with regard to all three matters, Washington failed to timely respond during the investigation of the grievances, and despite being personally served with the notices of investigation in each matter, failed to timely and properly respond thereto. Instead, she submitted a brief statement regarding circumstances in her practice, which did not specifically address the issues raised in these three cases. See Bar Rule 4-204.3.

Based on those facts, we agree with the Review Board and the special master that Washington violated Rules 1.2, 1.3, 1.4, and 9.3 of the GRPC, see Bar Rule 4-102 (d), in all three of the underlying disciplinary matters. Specifically, she failed to abide by her clients' decisions, desires, and directions regarding the scope and objectives of the representations; she failed to act diligently in filing, pursuing, or responding in any of these clients' matters; she failed to

6

communicate or consult with these clients (or respond to their inquiries) about matters of importance in, or even the status of, their cases; and she failed to properly and timely respond to the personally served notices of investigation relating to each of these matters. We further agree that Washington violated Rules 1.1 and 3.2 in SDBD No. 7444 because her lack of thoroughness and preparation caused her competence to fall below the level reasonably necessary for the representation and because she filed to take any steps to expedite that litigation as requested by her client. Moreover, we agree that Washington violated Rule 8.4 (a) (4) in SDBD No. 7444 when she made false representations to the court and her client about an October 24, 2017 illness affecting her ability to recognize the court's emailed trial notice; when she made misrepresentations to the Bar about attending status conferences in her client's case; and when she attempted to mislead her client as to the status of her case after entry of the final decree. See *In the Matter of Golub*, ___ Ga. ___, 2022 Ga. LEXIS 131 at \*10-11 (May 3, 2022) (addressing manners of violating Rule 8.4 (a) (4)).

The record further shows that Washington violated Rule 1.5 in both SDBD Nos. 7445 and 7446 because she collected a fee that was unreasonable in light of the fact that she did no work in either case and because in SDBD No. 7445 she failed to communicate a basis for her fee to her client or his family. Finally, we agree that Washington violated Rule 1.16 in SDBD No. 7445 because she failed to refund the advance payment of a fee that she did not earn. We note that the maximum punishment for a single violation of Rules 1.1, 1.2, 1.3, and 8.4 (a) (4) is disbarment and the maximum penalty for a single violation of Rules 1.4, 1.5, 1.16, 3.2, and 9.3 is a public reprimand. We further agree with the Review Board and the special master that this case implicates Bar Rule 4-103 because Washington received a formal letter of admonition in February 2013 and Investigative Panel reprimands in May 2011, January 2013, and July 2015.[1]

We further agree with the special master and the Review Board's application of the ABA Standards for Imposing Lawyer

---

[1] We note that the July 2015 reprimand involved two separate client matters.

Discipline in this case. Here, the record demonstrates that Washington knowingly or intentionally violated the duties she owed to her clients, the courts, and the legal system and that her conduct resulted in serious or potentially serious harm to her clients. Moreover, there are no factors in mitigation of discipline and a multitude of factors in aggravation, including prior discipline, dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge wrongful nature of conduct, vulnerability of victims, experience in the practice of law, and indifference to making restitution.

Having considered the entire record, we agree that disbarment is the appropriate sanction in this matter and is consistent with the discipline imposed in similar circumstances. See, e.g., *In the Matter of Wadsworth*, 312 Ga. 159 (861 SE2d 104) (2021) (disbarring attorney, after default, where attorney abandoned several clients' civil actions, forcing them to proceed pro se to their detriment; four prior formal letters of admonition and other aggravating factors); *In the Matter of Larson*, 305 Ga. 522, 522 (826 SE2d 99) (2019)

(disbarring attorney after default, where attorney accepted fee to represent four different criminal clients but thereafter abandoned their cases, failing to appear at hearings, to communicate with his clients, or to respond to inquiries or notices from the court, and where attorney "made misrepresentations to [one] client's family about the status of the matter" in violation of Rule 8.4 (a) (4); one prior disciplinary sanction); *In the Matter of Lenoir*, 282 Ga. 311, 311-312 (647 SE2d 572) (2007) (disbarring attorney, after default, for abandoning two clients' matters; four prior disciplinary sanctions). Accordingly, it is hereby ordered that the name Sherri Len Washington be removed from the rolls of persons authorized to practice law in the State of Georgia. Washington is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*