## S96Y0041. IN THE MATTER OF ROBERT C. SHEAROUSE.
(472 SE2d 294)

PER CURIAM.

The State Bar properly served Respondent Robert C. Shearouse with a Notice of Discipline seeking disbarment and alleging Shearouse violated Standards 4, 22, 23, 44, 45, and 68 of Bar Rule 4-102 (d) in his representation of two clients in separate matters. In one, Shearouse agreed to represent a client in a personal injury matter, filed suit on behalf of the client, but subsequently, and without the client's knowledge or permission, dismissed the suit and allowed the statute of limitation to expire. In the other, Shearouse agreed to represent a client in pursuing refinancing options for property which was under threat of foreclosure. Although he initially told the client otherwise, the client's husband's property, which was the subject of a deed to secure debt on the client's property, was foreclosed upon. Contrary to Shearouse's assurances, he did not have that foreclosure set aside. Additionally, he failed to contact the client about the status of the matter. The clients in both disciplinary actions obtained judgments against Shearouse for legal malpractice, and filed the grievances on which the State Bar's Notice of Discipline is based. Shearouse failed to reject the Notice, and, pursuant to Bar Rule 4-208.1 (b) (1), is in default.

In support of its request that Shearouse be disbarred, the State Bar points to the following aggravating factors, which, we note, are factors to be considered in aggravation of discipline under the ABA Standards for Imposing Discipline (1991), Standard 9.2: 1) Shearouse's previous disciplinary offense, involving a violation of Standard 44, and resulting in a one-year suspension with reinstatement contingent on restitution (Shearouse has not certified that he has made the restitution as required by this Court in the order in that disciplinary matter); 2) Shearouse's pattern of misconduct as evidenced by his previous disciplinary offense, and the two that are the subject matter of the State Bar's Notice of Discipline in this case; 3) Shearouse's indefinite suspension from the practice of law in this state for failure to comply with continuing legal education requirements and his subsequent termination from the practice of law in this state for failure to pay annual bar dues; 4) Shearouse's failure to cooperate with disciplinary authorities; 5) Shearouse's substantial experience in the practice of law.

We have reviewed the record in this case and agree with the State Bar that the appropriate sanction is disbarment. Accordingly, it is hereby ordered that Robert C. Shearouse be disbarred from the practice of law in the State of Georgia, and that he certify to this Court that he has taken all actions necessary to protect the interests of his clients and that he has satisfied all the requirements of Bar

Rule 4-219 (c).
*Disbarred. All the Justices concur.*

DECIDED JULY 1, 1996.

William P. Smith III, General Counsel State Bar, Marie L. Mc-Carthy, Assistant General Counsel State Bar, for State Bar of Georgia.