S02Y0160. IN THE MATTER OF W. BARRY WILLIAMS.

(554 SE2d 496)

PER CURIAM.

W. Barry Williams has filed a Petition for Voluntary Discipline. In his petition, Williams admits violating Standard 44 of Bar Rule 4-102 (d) in two disciplinary cases and seeks imposition of an indefinite suspension with conditions. The State Bar recommends that this Court accept his petition and we agree.

In the first case, Williams admits that he accepted a fee of $2,500 in a declaratory judgment case, did not keep his client informed about the case's status, failed to respond to a summary judgment motion or attend a hearing on the motion, and did not notify his client that summary judgment had been entered against him. In the second case, Williams acknowledges that he accepted a fee of $1,500 to represent a client in an estate dispute, failed to properly communicate with the client after he filed a complaint, and did not notify the client when her case was dismissed. Williams admits that his conduct in each case constitutes a violation of Standard 44 of Bar Rule 4-102 (d), which prohibits a lawyer from wilfully abandoning or disregarding a legal matter to the detriment of his client. In addition, Williams acknowledges that a State Bar committee has awarded a former client $2,760 in a fee arbitration dispute.

·Although a violation of Standard 44 is punishable by disbarment, Williams contends that mitigating circumstances support his petition for an indefinite suspension. In support, Williams states that he suffers from both depression and alcoholism, but is currently undergoing treatment. He acknowledges the wrongful nature of his conduct and states that he has cooperated with the State Bar. Further, he contends that his actions were not motivated by self-interest or any other ulterior motive, but were the result of his emotional problems.

In response, the State Bar does not oppose Williams' petition and points out his request for an indefinite suspension with conditions is consistent with the penalty imposed in similar cases. See *In the Matter of Thigpen*, 272 Ga. 45 (526 SE2d 839) (2000); *In the Matter of Bailey*, 267 Ga. 370 (478 SE2d 131) (1996). Accordingly, we accept Williams' petition for the indefinite suspension of his license to practice law in this State with reinstatement premised on the following conditions: (1) Williams obtain a favorable determination from the Lawyer Assistance Program that he is fit to resume the practice of law; (2) he pay full restitution to each client in the two disciplinary cases and the full amount of the fee arbitration award in the fee dispute; and (3) he successfully complete an ethics school sponsored by the State Bar of Georgia. Six months after resuming the practice of law, Williams shall contact the State Bar's Law Practice Management Program for an evaluation of his practice, pay for a full assessment, and comply with the program's recommendations. Williams is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, take all actions necessary to protect their interests, and certify to this Court that he has satisfied the requirements of the rule.

*Indefinite suspension with conditions to be satisfied prior to and after reinstatement. All the Justices concur.*

DECIDED NOVEMBER 5, 2001.

*William P. Smith III, General Counsel State Bar, Paula K. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia. *Herbert K. Kernaghan, Jr.,* for Williams.