S07Y1496. IN THE MATTER OF JUAN LOPEZ MORALES.
(651 SE2d 84)

PER CURIAM.

The State Bar filed a formal complaint against Juan Lopez Morales, alleging that he violated Rules 3.1 (b) and 3.3 (a) (1) of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d). Violation of the first rule is punishable by public reprimand, while the maximum sanction for a violation of the second is disbarment. Morales responded and filed several motions, which the special master denied, and the State Bar filed a motion for summary judgment, which the special master granted. In his Final Report, the special master recommended that Respondent Morales be suspended from the practice of law until such time as he can demonstrate that he has undergone a psychiatric assessment and followed through with any recommended treatment or therapy. After the special master filed his Final Report, neither the State Bar nor Morales requested review by the Review Panel and, therefore, they have waived their right to file exceptions or to request oral argument in this Court. See Bar Rule 4-217 (c).

The special master found as follows: Morales was the plaintiff in a personal injury action and was represented by counsel. After judgment was entered in that case, Morales' lawyer moved to enforce the attorney's lien against the damages awarded. Morales disputed the lien and moved to disqualify the trial judge, which motion was denied. The Court of Appeals denied his application for interlocutory appeal, and certiorari was denied by both this Court and the Supreme Court of the United States. Morales then drafted and filed on his own behalf a civil rights action in the United States District Court for the Northern District of Georgia, naming as defendants his former lawyers, the trial judge, a member of the judge's staff, the clerk, deputy clerk and assistant clerk of the Court of Appeals, and the judges on the panel that ruled on his application for appeal. Morales

alleged a conspiracy to deprive him of his property. After a grievance was filed with the State Bar, Morales voluntarily dismissed the federal action.

Having reviewed the record, we conclude that the federal action was unwarranted under existing law and was without a good faith exception because, as a lawyer, Morales reasonably should know the well settled law that judges acting within their judicial capacity are immune from suit for money damages. See *Mireles v. Waco*, 502 U. S. 9 (112 SC 286, 116 LE2d 9) (1991). Therefore, he violated Rule 3.1 (b) by filing the action. Morales' claims of conspiracy amount to false statements that the Court of Appeals judges did not tell the truth simply because they ruled against him. All of the defendants in this matter merely were carrying out their assigned functions, and the claims thus do not have any factual or legal basis. As Morales knowingly drafted the pleadings without such basis, he violated Rule 3.3 (a) (1).

In a "Partial Report," the special master gave the parties an opportunity to respond and asked Morales to state whether he has received, or, if not, whether he would be willing to accept, any mental health counseling. In the Final Report, the special master noted that Morales failed to respond, and expressed the concern that he suffers from mental illness, as his pleadings show strong feelings of paranoia and persecution. Our review of the record indicates that the special master's concern about Morales' mental condition was justified. Therefore, we hereby order that Morales be suspended from the practice of law in Georgia indefinitely, but for a period of not less than one year from the date of this opinion. His suspension may be lifted after he submits to physical and mental examinations by licensed and board-certified physicians, the results of which must be submitted to the Office of General Counsel and the Lawyer Assistance Program (LAP). Morales must begin any recommended treatment and agree that, after resuming the practice of law, he will continue treatment with a mental health professional, who will report his condition to the LAP, at a frequency set by the LAP, until the professional and the LAP agree that he no longer needs professional consultation. Upon obtaining certification that he has submitted to the examinations and has begun treatment if necessary, Morales may petition the Review Panel for review and recommendation as to whether this Court should lift the suspension. Once the Review Panel has forwarded its recommendation to this Court, we will issue an order lifting or continuing the suspension. Morales is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with conditions for reinstatement. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.