S13Y1043, S13Y1044. IN THE MATTER OF MICHAEL DAVID MANN (two cases).
(748 SE2d 914)

PER CURIAM.

This disciplinary matter is before the Court on two notices of discipline, by which the State Bar seeks the disbarment of Michael David Mann (State Bar No. 469127) for violations of Georgia Rules of Professional Conduct 1.3, 1.4, 1.5, 1.16, 3.2, 3.3 (a) (1), 3.5 (c), and 9.3.[1] See Bar Rule 4-102 (d). The State Bar served the notices upon Mann, but he failed to file notices of rejection. Accordingly, he is in default, he has waived his right to an evidentiary hearing, and he is subject to such discipline and further proceedings as the Court deems appropriate. See Bar Rule 4-208.1 (b). For the reasons that follow, we disbar Mann.

In S13Y1043, the facts as admitted by default show that Mann represented two clients in criminal cases in the Superior Court of DeKalb County. The superior court held Mann in contempt for repeated failures to appear for scheduled hearings and for trial, and the court found Mann to have made a false statement about whether he did, in fact, appear on a certain day. His failure to appear delayed the resolution of the cases and inconvenienced not only his clients and the superior court, but also the co-defendants of his clients and their counsel, who had to appear for additional court days as a result of

---

[1] Violations of Rules 1.3 and 3.3 (a) (1) subject a lawyer to the maximum sanction of disbarment.

Mann failing to appear. In addition, one of Mann's own clients was unable to enter a plea because Mann failed to appear. Additionally, Mann failed to respond to the Office of General Counsel regarding the grievance initiated by the Investigative Panel and did not submit a sworn response to the Investigative Panel.

In S13Y1044, the facts as admitted by default show that, in March 2012, a client retained Mann to represent him in a criminal matter, paying Mann $4,000. Mann filed an entry of appearance and several motions. He provided copies of these filings to the client, but that was the only time that the client saw Mann. Mann failed to appear for two scheduled court proceedings in May 2012. Upon his second failure to appear, the trial court directed the client to retain other counsel. In July 2012, while the client's grievance was pending, Mann told the client that he would refund the $4,000 fee, but he failed to do so. Mann did not respond to the Office of General Counsel regarding the grievance filed by the client, and he did not submit a sworn response to the Investigative Panel.

In support of its request to disbar Mann, the State Bar notes in aggravation that he wilfully disregarded the orders of courts, that he abandoned his clients' legal matters, that he has two disciplinary cases involving similar misconduct, and that he has a disciplinary history, having received confidential Investigative Panel reprimands in 2010 and 2012. Having reviewed the record, we agree with the State Bar that disbarment is the appropriate sanction. Therefore, it is hereby ordered that the name of Michael David Mann be removed from the rolls of persons authorized to practice law in the State of Georgia. Mann is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar,* for State Bar of Georgia.