295 Ga. 71
FINAL COPY

S14Y0137, S14Y0138, S14Y0139, S14Y0140.  IN THE MATTER OF
EDWARD T. MURRAY (four cases).

PER CURIAM.

These matters are before the Court on the consolidated Report and Recommendation of the Review Panel resolving four separate Formal Complaints against Respondent Edward T. Murray (State Bar No. 531725) filed by the State Bar over a period of two years.  Murray acknowledged service of the complaints, and the special master, Paul T. Carroll III, held evidentiary hearings in the first two cases and held a hearing on mitigation and aggravation. Before those proceedings were completed, the State Bar filed the other two cases.  The matters were consolidated and hearings were held in the other two cases. The parties stipulated that the earlier mitigation and aggravation evidence would be applicable to all four cases.  The special master filed reports in each of the four cases and filed a consolidated Recommendation of Discipline for all of the cases recommending an 18-month suspension with the condition that Murray make restitution of the retainer paid in Case No. S14Y0139.  The State Bar filed an exception to the level of discipline, requesting that Murray be

disbarred.  Murray responded, seeking a Review Panel review.  The Review Panel noted that there are no challenges to the special master's findings and conclusions, and only the level of discipline is at issue.  The Review Panel issued its report and adopted the special master's recommendation of an 18-month suspension with the same condition.  The State Bar filed an exception to the Review Panel report and again seeks disbarment.  Murray filed an untimely response.

The unchallenged findings, as set forth in the special master's reports, show that Murray, who practices primarily in the area of divorce law and criminal defense, had a volume practice in offices located in Carrollton and Dallas, Georgia.  In 2006, he also purchased the law practice of an attorney in Douglasville, Georgia.  Since the end of 2007, Murray has represented approximately 1,400 people in cases involving numerous court appearances. Murray relies heavily on clerical help to keep his clients informed, and his staff uses check-off forms that are sent in the mail when communication with a client is necessary.

In each of these four cases, Murray failed to properly communicate with his clients, and he failed to properly supervise his staff and monitor his cases.

In the first case, Murray failed to notify his client about hearings in the client's divorce case or the status of the case and did not respond to the client's attempts to communicate with him. Murray thus violated Rules 1.4 and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), both violations which may be punished by a public reprimand. In another case in which he represented a client in Georgia who obtained a divorce in Alabama, Murray filed documents with numerous mistakes in the wrong county, and, notwithstanding opposing counsel's attempts to communicate with Murray and offers to file a motion to transfer, Murray failed to take appropriate steps to correct his errors. By this conduct he violated Rules 1.1, 1.2, and 1.3, which may be punished by disbarment, and Rules 1.4 and 3.2, which may be punished by public reprimand.

In the third case, Murray was retained to file a divorce action for a client but sent her an incomplete complaint without a case number. When she terminated Murray and hired new counsel, she asked for an accounting and refund of her retainer. New counsel asked Murray to dismiss the original complaint. Murray refused to refund the retainer and did not dismiss the complaint until after the client filed a grievance against him, and he blamed others in his office for the errors. The special master found that Murray had

3

violated Rules 1.4, 1.5 (a), and 1.16 (d), which are punishable by public reprimand, and Rule 8.1, which is punishable by disbarment. In addition, the special master found that Murray's excuses were unpersuasive and that his response to the State Bar showed a reckless disregard for the truth. In the last case, a client hired Murray in a matter, but Murray failed to appear at a hearing and a default judgment was entered against his client. In this case, the special master found that Murray had violated Rule 1.4.

In the Recommendation of Discipline, the special master set forth the aggravating and mitigating factors. In aggravation, the special master declined to consider a 1981 private reprimand as too remote, but he did consider a 2008 formal letter of admonition for violating Rules 1.3, 1.4 and 1.16, and a 2010 letter of formal admonition for violations of Rules 1.3 and 1.4, both of which occurred during the same time period as the events in these matters and involved similar conduct. In mitigation, the special master considered affidavits and witnesses testifying in support of Murray. This evidence showed Murray to be polite, conscientious, and professional; a credit to his profession; willing to assist when other lawyers have become disabled, disbarred, or suspended; and diligent in keeping courts informed of conflicts due to his heavy case load. In

4

addition, the evidence reflects that Murray has been caring for a seriously ill spouse. The State Bar argued additional aggravating factors of pattern of misconduct; multiple offenses; submission of false evidence, false statements or other deceptive practices during the disciplinary process; refusal to acknowledge the wrongful nature of the conduct; vulnerability of the victim; substantial experience in the practice of law; and indifference to making restitution.

The special master found this case difficult to reconcile, given the great deal of good Murray has done in contrast to the fact that between 2007 and 2010 he provided inadequate and improper service to these clients. He found that Murray had allowed himself to be misled and ill-served by his staff, made poor choices in his responses to the State Bar, and sought to blame others for his shortcomings. However, the special master concluded that Murray's long and largely well-regarded career should not end in disbarment and recommended an 18-month suspension with the condition set forth above.

In its report, the Review Panel adopted the special master's findings and conclusions and considered the aggravating and mitigating evidence to determine the proper level of discipline. It noted that the violations stemmed

from a pattern of conduct involving a failure to communicate with clients and delays in pursuing legal matters on their behalf. The Review Panel observed that the special master had clearly spent a considerable amount of time on these matters and had issued detailed and well-reasoned reports. Therefore, it gave the special master's recommendation significant weight. See In the Matter of Ballew, 287 Ga. 371 (695 SE2d 573) (2010). Taking into consideration the entire record, the Review Panel agreed with the special master and adopted his recommendation of an 18-month suspension with reinstatement conditioned on proof to the Office of the General Counsel that Murray makes full restitution of the retainer he was paid in the third case, Case No. S14Y0139.

In its exception to the Review Panel report, the State Bar asserts that the Review Panel did not give sufficient weight to the numerous indisputably applicable aggravating factors in this matter. It also takes exception to the Review Panel's finding in one of the cases that the special master did not find a violation of Rule 8.4 (a) (4), which is punishable by disbarment. The State Bar points out that the four current cases and three prior instances of confidential discipline represent 17 violations of the Rules and most of the aggravating factors set forth in the *American Bar Association Standards for Imposing*

6

*Lawyer Sanctions.* It notes that the Review Panel did not disagree with the special master that the additional aggravating factors the State Bar listed had some merit. With respect to the mitigating factors, the State Bar points out that the affidavits submitted in Murray's support are uniform, as if based on a draft provided by Murray, and, while speaking to Murray's professional courtesy and other attributes valued by fellow lawyers, fail to vouch in any manner for Murray's diligence in serving his clients. Such character evidence, the State Bar asserts, while offered in good faith, can be affected by friendship, collegiality, and sympathy. The State Bar contends that disbarment is appropriate for this level of recidivism, citing In the Matter of Davis, 290 Ga. 857 (725 SE2d 216) (2012) and In the Matter of Kimbrough, 286 Ga. 30 (685 SE2d 713) (2009).

In his response, Murray argues that the purpose of lawyer discipline is to protect the public and his conduct was not of such a nature that the protection of the public demands his disbarment. He states that after his record of consistent good work and helping other lawyers, he did not intentionally disregard his clients in these four cases. Instead, he asserts, he was overwhelmed by the severe illness of his wife, who had been his paralegal for

7

many years and whose absence from the office also contributed to these situations, the huge increase in the volume of his business occasioned by the purchase of the Douglasville practice, his agreement to take on a substantial number of cases from disabled, deceased, or disbarred lawyers, his inappropriate reliance on staff, and his improper insistence as to what he viewed as the practical way law is practiced in the Seventh Judicial Circuit. Murray maintains that he now has addressed all these issues so they are unlikely to be repeated: he has sold his practice to another attorney and works there with the other lawyer so the work load is divided; his wife is well and has returned to the office to assist him; he has hired more staff and improved the telephone situation that was problematic in these cases; and he is willing to consult with the State Bar law office management program as a condition of his discipline. Murray asks the Court to accept the Review Panel recommendation.

We have reviewed the record carefully and considered each of the special master's detailed reports, as well as the Review Panel report and the other pleadings filed by all the parties. The State Bar is correct that Murray's violations of Rules 1.1, 1.2, 1.3, 8.1 and 8.4 may be punished by disbarment. Moreover, Rule 4-103 (finding of a third or subsequent disciplinary infraction

shall alone constitute discretionary grounds for suspension or disbarment) is applicable to these matters. Therefore, given the facts in these cases, Murray's disciplinary history, and the many aggravating factors, which far outweigh the character-based mitigating factors, we agree with the State Bar that disbarment is the appropriate sanction in these matters. Accordingly, the name of Edward T. Murray hereby is removed from the rolls of persons entitled to practice law in the State of Georgia. Murray is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur, except Thompson, C. J., Benham and Melton, JJ., who dissent.

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's opinion because I believe disbarment is improper given the significant mitigating factors present in this case. Murray's legal practice spans almost forty years. At the time these incidents occurred, Murray had just added on a new office to his high-volume practice and was simultaneously caring for his seriously ill wife, who was also his main paralegal. The combination of acquiring a new office, losing his wife's

reliable help as a paralegal, and also having to care for his wife, created a situation ripe for negatively impacting his law practice. The errors Murray made,[1] however, were not malicious, but rather were the result of being personally and professionally overextended for a period of time.[2] The Special Master held four trials and a hearing on the evidence in aggravation and in mitigation of the claims against Murray. He considered numerous affidavits[3] and heard live testimony from witnesses evidencing Murray's status as a well-respected lawyer in his community, and noted that despite his heavy caseload, Murray consistently kept the courts informed of conflicts arising in his cases and was "a strong and knowledgeable advocate for his clients." In light of these mitigating factors and in light of the value Murray has added to the legal community during his long career, disbarment is a needlessly harsh

---

[1] Of the twelve individual rule violations summarized by the Special Master in his recommendation, only four carried a maximum punishment of disbarment. Public reprimand was the maximum penalty for most of the violations. In fact, in two of the four disciplinary cases pending, Murray could have only been subject to a public reprimand.

[2] Murray contends that he has rectified this situation by selling his practice and dividing the workload with another lawyer. In addition, his wife's health has improved and she has returned to work as his paralegal.

[3] Many of the affidavits were from judicial officers before whom Murray had practiced.

sanction. I would instead, as recommended by the Special Master and the Review Panel, impose a suspension for a significant period of time, along with restitution of one client's retainer, because it is the best resolution for all concerned.

I am authorized to state that Chief Justice Thompson and Justice Melton join in this dissent.

Decided March 28, 2014 – Reconsideration denied April 22, 2014.

Disbarment.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.

James E. Spence, Jr., for Murray.

2