302 Ga. 126
FINAL COPY

S17Y1499, S17Y1502, S17Y1623.  IN THE MATTER OF ANTHONY
SYLVESTER KERR (three cases).

PER CURIAM.

These disciplinary matters are before the court on the reports filed by special master William Thomas Cable, Jr., which together recommend the disbarment of respondent Anthony Sylvester Kerr (State Bar No. 142346), who has been a member of the Bar since 2005.

In Case Nos. S17Y1499 and S17Y1502, the Bar filed formal complaints regarding client representation matters arising in 2013 and 2014.  In each case, Kerr answered the formal complaint but failed to respond to the Bar's discovery requests.  The Bar then filed motions for summary judgment in both cases, and Kerr failed to respond.  The special master granted both motions.  In both cases, Kerr was afforded the opportunity to submit an explanation of mitigating circumstances and a recommendation of discipline, but he did so only as to the claims in Case No. S17Y1499.

The facts underlying these matters are as follows. As to Case No. S17Y1499, Kerr had previously received a suspension from this Court for failing to adequately respond in an unrelated disciplinary matter; this suspension lasted from October 6, 2014 to November 4, 2014. During this suspension, Kerr was hired by a woman to represent her husband in a criminal matter and was paid $1,500 toward a total fee of $2,500. However, Kerr failed to explain to the client or his wife that he could not practice law because of his suspension, though the wife did find out about the suspension from someone other than Kerr. The client's wife requested a refund of the money paid to Kerr, but Kerr failed to repay the money until the client's wife filed a grievance against him. The Bar issued a notice of investigation as to Kerr, but he failed to timely respond under oath until nearly three months later, resulting in a second interim suspension from this Court.

As to Case No. S17Y1502, Kerr was hired by a different client in 2013 to represent her in a civil matter concerning an automobile accident. The client paid Kerr $4,500 towards a $7,000 fee, and Kerr filed on the client's behalf an answer and counterclaim in the civil case. Following this filing, the client contacted Kerr on numerous occasions to inquire about the case, but Kerr either

2

did not respond or furnished the client with misleading information regarding the case and his representation. The plaintiff in the civil suit then moved to dismiss the client's counterclaim, but Kerr failed to inform the client of this development or to file a responsive pleading, which resulted in the court's grant of the motion to dismiss. During the pendency of the motion to dismiss, the plaintiff communicated to Kerr an offer to dismiss the client from the suit in exchange for the dismissal of her counterclaim, but Kerr failed to communicate this offer to the client or to offer to resolve the case. The plaintiff in the suit then filed a dismissal without prejudice, but Kerr failed to inform the client about this as well. The client requested a refund from Kerr, who had done no work on the case other than submitting the answer and counterclaim as well as some contemporaneous discovery responses, but Kerr did not refund the fee. The Bar issued a notice of investigation as to Kerr, but he failed to timely respond under oath until nearly three months later and received a third interim suspension, running in tandem with the second.

Upon consideration of these facts, the special master recommended disbarment in both Case Nos. S17Y1499 and S17Y1502. In Case No. S17Y1499, the special master concluded that Kerr had violated Rules 1.16 (a),

1.16 (d), 5.5 (a), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 5.5 and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.16 and 9.3 is a public reprimand. As to Case No. S17Y1502, the special master concluded that Kerr had violated Rules 1.2 (a), 1.3, 1.4, 1.16 (d), 3.2, 8.4 (a) (4), and 9.3. The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment, while the maximum sanction for a violation of Rules 1.4 and 3.2 is a public reprimand. As to Case No. S17Y1499, the special master recited that Kerr had proposed in mitigation that there were other attorneys available at his firm to handle the matter, that the client had failed to pay Kerr's fee in full, and that no action was taken on the matter adverse to his client. In aggravation, the special master noted Kerr's prior disciplinary history and his substantial experience in the practice of law. As to Case No. S17Y1502, the special master noted that there were no proposed factors in mitigation and noted the same factors in aggravation as were present in Case No. S17Y1499. In light of these considerations, the special master concluded that disbarment was the appropriate sanction in each case. Neither Kerr nor the Bar timely filed any response in this Court to the filing of the

4

special master's reports in Case No. S17Y1499 or Case No. S17Y1502.

A third action followed. In Case No. S17Y1623, the Bar filed a petition for the appointment of a special master upon learning of Kerr's March 8, 2017 felony conviction, pursuant to a negotiated plea, for client-related deposit account fraud in violation of OCGA § 16-9-20 (b). The special master held a hearing, where testimony was given by Kerr, the client in the matter at issue, and the assistant district attorney who had overseen Kerr's prosecution. Based on that evidence and the pleading received from the State, the special master found that Kerr was hired by the client to represent her in a dental malpractice case and that she paid him $5,000 as a fee. The client asserted that Kerr did nothing on her case, as a result of which she discharged him and requested return of the $5,000. Kerr agreed to refund the money, but the check that he gave her could not be processed because the account associated with the check had been closed. The client continued to attempt to address the refund matter with Kerr, who promised to reimburse her in two installments but failed to do so or to otherwise make the client whole.

The client reported the matter to the authorities, resulting in Kerr's arrest

and prosecution. The State would not allow Kerr to enter a pre-trial diversion program because his offense involved fraud, but he was allowed to enter a first offender plea, and was sentenced to probation and restitution; at least as of the April 14, 2017 date of the hearing on this matter, however, Kerr had failed to make restitution. The special master noted Kerr's testimony to the effect that he had not realized that the account was closed when he cut the client the check, as it had been closed without his knowledge by his former office manager and friend, with whom Kerr subsequently had a falling out. However, the special master also noted that Kerr failed to substantiate this assertion by presenting the office manager's testimony or by subpoenaing him to appear. The special master further noted that Kerr did not so qualify his culpability in entering his guilty plea to deposit account fraud. The special master found that there were no factors in mitigation of discipline, but noted in aggravation of discipline that Kerr had received five interim suspensions from this Court during the period from October 2014 to March 2017 in unrelated matters; that Kerr had failed to fully acknowledge the wrongful nature of his conduct; that the victim was vulnerable; and that Kerr had shown an indifference to making restitution. The special master acknowledged that not every felony conviction necessarily results

6

in disbarment, see, e.g., *In the Matter of Calhoun*, 268 Ga. 877 (494 SE2d 335) (1998) (six-month suspension for felony conviction of serious injury by motor vehicle and driving under the influence), but found that disbarment was appropriate here, and should be imposed as a sanction because Kerr's misconduct concerned fraud against a client related to the representation.

Having reviewed the record in each of these matters, we concur with the special master's recommendations and conclude that disbarment is the appropriate sanction in each. Accordingly, it is hereby ordered that the name of Anthony Sylvester Kerr be removed from the rolls of persons authorized to practice law in the State of Georgia. Kerr is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided September 13, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.