308 Ga. 398
FINAL COPY

S20Y0421. IN THE MATTER OF MARTA MARIA
NORIEGA-ALLEN.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of
Discipline seeking the disbarment of Marta Maria Noriega-Allen
(State Bar No. 356678), who was admitted to the Bar in 2007. The
State Bar attempted to serve Noriega-Allen personally at the
address listed with the State Bar, but the sheriff filed a return of
service non est inventus. The State Bar then properly served her by
publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but she failed to
file a Notice of Rejection. Therefore, she is in default, has waived
her right to an evidentiary hearing, and is subject to such discipline
and further proceedings as may be determined by this Court. See
Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Noriega-Allen's
default, show that a client retained her to represent him in a divorce

action and paid her $29,922.50 in retainer funds. Initially, Noriega-Allen provided monthly invoices, which, as of September 2014, showed that she had earned $12,866. After the divorce matter settled in September 2015, the parties agreed to have the trial court decide the issue of attorney fees. However, Noriega-Allen failed to file a motion for fees on her client's behalf, failed to respond to the motion for fees filed by her client's ex-wife, failed to appear at the hearing on the issue of fees,[1] failed to respond to her client's numerous requests for information about the balance owed from the remaining retainer funds, failed to return or account for the unearned balance, and moved to Maine without providing contact information. After her client filed his grievance with the Bar, Noriega-Allen failed to respond to the grievance and failed to acknowledge service of the Notice of Investigation or respond to it. As a result of her failure to respond, this Court entered an order of

---

[1] The State Bar's Notice of Discipline does not indicate whether or not the client was harmed by Noriega-Allen's failure to respond on his behalf on the issue of attorney fees in the divorce action.

suspension. See *In the Matter of Noriega-Allen,* S20Y0043 (August 12, 2019).

Based on these facts, the Disciplinary Board found probable cause to believe that Noriega-Allen violated Rules 1.2 (a), 1.3, 1.4, 1.5, 1.15 (I), 1.15 (II), 1.16 (d), and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 (a), 1.3, 1.15 (I), and 1.15 (II) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 1.16 (d), and 3.2 is a public reprimand.

The Board, relying on the ABA Standards for Imposing Lawyer Sanctions as instructive, see *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996), found the following factors in aggravation: dishonest or selfish motive, multiple offenses, substantial experience in the practice of law, and indifference to making restitution, see ABA Standard 9.22 (b), (d), (i), and (j), and only one factor in mitigation: absence of a prior disciplinary record, see ABA Standard 9.32 (a).

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Marta Maria Noriega-Allen be removed from the rolls of persons authorized to practice law in the State of Georgia. Noriega-Allen is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED MARCH 26, 2020.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.