311 Ga. 427
FINAL COPY

S21Y0652, S21Y0654, S21Y0655, S21Y0657, S21Y0658. IN THE
MATTER OF CYNTHIA ANN LAIN (five cases).

PER CURIAM.

These disciplinary matters are before the Court on the reports
and recommendations of Special Master Michael J. Blakely, Jr., who
recommends that Cynthia Ann Lain (State Bar No. 705135), a
member of the Bar since 2007, be disbarred as a result of five State
Disciplinary Board matters, each pursued in a separate formal
complaint. In connection with these matters, the Special Master
concluded that Lain violated Rules 1.2 (a), 1.3, 1.4, 1.5 (a), 1.16 (d),
3.1 (b), 3.2, 3.3 (a), 3.5 (d), and 8.4 (a) (4), of the Georgia Rules of
Professional Conduct found in Bar Rule 4-102 (d). The maximum
penalty for a violation of Rules 1.2, 1.3, 3.3, and 8.4 (a) (4) is
disbarment, while the maximum penalty for the remainder of the
rules is a public reprimand. Because Lain has engaged in a pattern
of serious misconduct that includes contempt of court and contempt

for the disciplinary process, we agree that disbarment is the appropriate sanction.

1. *Procedural history of disciplinary proceedings.*

The State Bar filed a formal complaint in each of these matters in January 2019, and Lain filed an answer in each matter in April 2019. Thereafter, the Special Master entered an initial scheduling order, and the Bar served interrogatories, requests for admissions, and requests for production of documents on Lain. However, Lain failed to respond adequately to the Bar's requests, and her response to the Bar's requests for admissions became the subject of a discovery dispute. The Special Master attempted to resolve the dispute by issuing a discovery deadline order, but Lain still failed to comply with the discovery order and never supplemented her responses to the Bar's discovery requests.

The Bar filed three motions to compel, and in December 2019, the Special Master entered orders on the motions to compel, directing Lain to comply with her discovery obligations. Lain failed to comply, and the Bar filed a motion for sanctions. Lain then filed

a frivolous motion to dismiss the Bar's complaints on the ground that they were not timely prosecuted. The motion to dismiss was denied, and following a show cause hearing on the matter, the Special Master found that Lain failed to show why her answers should not be stricken. In addition, although Lain had agreed to attend a deposition in January 2020, she failed to appear, leading the Bar to file a second motion for sanctions.

The Special Master said that Lain's conduct in the underlying actions, as discussed in more detail below, was consistent with her approach to these disciplinary proceedings, in which she refused to participate in discovery in good faith, failed to respond to motions, failed to attend scheduled status conferences or hearings, and attempted to advance factual and legal positions inconsistent with the facts and law governing the proceedings. The Special Master determined that her conduct was so consistent and pervasive that, at best, it could be characterized as a reckless disregard for the disciplinary process and those involved in it, and at worst, an intentional effort to avoid or delay the process. Accordingly, in April

3

2020, the Special Master entered an order granting the Bar's first motion for sanctions and ordering that Lain's answer to each formal complaint be stricken and that all facts alleged in the Bar's formal complaints be deemed admitted.

2. *Facts and Special Master's conclusions of law.*

(a) *Case No. S21Y0652.*

(i) *Facts.* In State Disciplinary Board Docket ("SDBD") No. 7111, the facts as deemed admitted by Lain show the following. Lain was retained to represent a client in October 2016 in a modification of custody, child support, and visitation case in Clayton County, where the client lived. Before retaining Lain, the client was a pro se defendant in the case, which had been transferred sua sponte from DeKalb County Superior Court to Clayton County Superior Court, and the client had been ordered to pay monthly child support to the plaintiff starting in September 2016. In late October 2016, Lain filed an entry of appearance, a motion to dismiss, and an objection to the plaintiff's stipulation that the case was ready for trial. The plaintiff then filed a motion for contempt after the client failed to pay child

4

support. A motions hearing was scheduled to be heard in December 2016; however, it had to be rescheduled twice after Lain failed to appear without providing any prior notice to the court.

Following the hearing, the court entered an order denying the motion to dismiss and objection to plaintiff's stipulation, finding that the filings were frivolous and without merit and ordering Lain and her client to pay attorney fees within 60 days pursuant to OCGA § 9-15-14 (b). In the motion to dismiss, Lain had requested that the court dismiss the entire case for the sole reason that the case originated in the wrong county, despite its proper transfer, and the court found that Lain could not articulate any law that would allow for such a drastic decision. In the objection to plaintiff's stipulation, Lain argued that discovery was incomplete; however, when the court inquired as to when discovery was requested, Lain admitted that she never requested discovery. The court also entered an order on plaintiff's petition for contempt, finding that the client was in contempt for failure to pay the court-ordered child support and requiring her to pay, in addition to the monthly child support

5

amount, an additional $50 per month toward the arrearage accrued and $70 per month to the plaintiff's counsel. The client complained to the court that Lain never discussed the merits of the case or the implications of the filed pleadings.

In June 2017, another motion for contempt was filed, and the court issued a rule nisi for Lain and the client to appear to show cause as to why they should not be held in contempt for nonpayment of the court-ordered attorney fees and child support. Lain failed to notify the client of the hearing, and neither she nor the client appeared. The court issued another rule nisi for Lain to appear, but once again she failed to appear, and the court found her in contempt. Lain has not paid the outstanding attorney fees.

(ii) *Conclusions of law*. The Special Master concluded that Lain

violated Rules 1.3,[1] 1.4,[2] and 3.1 (b).[3] Specifically, the Special Master

held that Lain violated Rule 1.3 by failing to act with reasonable

diligence when she failed to appear for scheduled court appearances

without notifying the court in advance, resulting in the court finding

her in contempt and assessing attorney fees against her and her

client and causing detriment to her client. See *In the Matter of*

---

[1] Rule 1.3 says: "A lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[2] Rule 1.4 says:

(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0 (h), is required by these rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information; and (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Georgia Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[3] Rule 3.1 (b) says:

In the representation of a client, a lawyer shall not . . . knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law.

*Briley-Holmes*, 304 Ga. 199, 200 (815 SE2d 59) (2018) (holding that an attorney violated Rule 1.3 by failing to follow through with a case for her client); *In the Matter of Levy*, 284 Ga. 281, 282 (664 SE2d 195) (2008). The Special Master also concluded that Lain violated Rule 1.4 (a) by failing to notify her client of scheduled court appearances, resulting in attorney fees being assessed to her client and a finding of contempt by the court. See *In the Matter of Brantley*, 299 Ga. 732, 733, 735 (791 SE2d 783) (2016) (holding that an attorney violated Rule 1.4 where she failed to communicate with her client regarding pending court appearances); *In the Matter of Murray*, 295 Ga. 71, 72 (757 SE2d 134) (2014) (holding that an attorney violated Rule 1.4 when he failed to notify his client about hearings). Finally, the Special Master concluded that Lain violated Rule 3.1 (b) when she knowingly filed a frivolous motion to dismiss. See *In the Matter of Rolleston*, 282 Ga. 513, 513 (651 SE2d 739) (2007) (holding that an attorney's repeated filing of frivolous actions violated Rule 3.1); *In the Matter of Morales*, 282 Ga. 471, 472 (651 SE2d 84) (2007).

(b) *Case No. S21Y0654.*

(i) *Facts.* In SDBD No. 7112, the facts as deemed admitted by Lain show the following. In 2016, Lain was retained to represent a client who was charged with driving under the influence of alcohol in Henry County. The arraignment hearing was scheduled for December 2016, and Lain was to attend with her client. On the day of the hearing, the client announced to the presiding judge, the Honorable James Chafin, that she retained Lain to represent her on the criminal charges; however, there was no record that an entry of appearance had been filed, and Lain failed to appear for the hearing. The client contacted Lain by telephone, and Lain sent an e-mail to Judge Chafin's staff attorney advising that she could not attend the hearing because she had "pink eye." Judge Chafin continued the hearing until January 2017, and Lain filed an entry of appearance. On the day before the rescheduled arraignment hearing, she filed a not guilty plea, waiver of formal arraignment, and request to waive personal appearance at arraignment, which excused Lain and her client from appearing at the arraignment hearing. The clerk then

notified Lain and her client of the dates for the pretrial hearing and jury trial.

On the date of the pretrial hearing, the client attended the hearing, but Lain failed to appear and did not file a conflict letter. At the instruction of the court, the client contacted Lain by telephone and learned that she was at least an hour away from the courthouse. The pretrial hearing was rescheduled, and the court issued a rule nisi for the same day to address Lain's failure to appear. Lain appeared at the rescheduled hearing with her client, who entered a guilty plea and was sentenced on the criminal charges. After sentencing, Lain appeared for the rule nisi hearing and claimed she never received notice of the first hearing. The court found her in contempt for failing to appear and ordered her to pay a fine of $100 by the next morning. However, she failed to pay the fine by the deadline and did not communicate any reason for the nonpayment. Judge Chafin then issued a new rule nisi for Lain to appear on May 3, 2017, to show cause why she should not be held in contempt for failing to pay the fine. The day prior to the show cause

hearing, Lain filed a notice of conflict, claiming that she could not appear for the hearing because she started a jury trial in Fulton County. Judge Chafin's administrative assistant contacted the Fulton County court and learned that the jury trial Lain cited in conflict had in fact been resolved on May 2.

After Lain failed to appear for the rule nisi hearing, the court entered a contempt order and issued a bench warrant for her. Lain then filed a notice of appeal and a motion for supersedeas, which caused an automatic stay of the contempt order pending the appeal. A few days later, during an appearance before another judge in Henry County State Court, Lain was arrested on the bench warrant. Through counsel, Lain filed an emergency motion seeking a writ of supersedeas from the Court of Appeals of Georgia, which was granted, and Lain was released from the bench warrant.

Judge Chafin later entered an order dismissing Lain's appeal for failure to request and properly file a transcript as required by OCGA § 5-6-42. Lain filed a notice of appeal from the order dismissing her appeal, and Judge Chafin issued a rule nisi for Lain

11

to appear for a show cause hearing. Lain appeared, and the following day the court issued an order, holding that Lain was to send a transcript request to the court reporter for the hearings she wanted included in her second appeal. As ordered, Lain filed a request for transcripts citing the specific hearings she wanted included in her appeal. The court reporter responded with the preparation costs for those transcripts, and Lain filed a petition to proceed in forma pauperis ("IFP") and requested a hearing on the matter. However, Lain failed to appear for the hearing on her IFP petition and, instead, sent an e-mail requesting a continuance of the hearing. In response, the court issued a bench warrant for her arrest and issued a new rule nisi for a hearing, where Lain was to show cause why she failed to appear for the hearing on her IFP petition and why she requested a continuance. Lain failed to appear for that hearing as well, and the court therefore issued another bench warrant.

Lain then filed a motion for supersedeas under OCGA § 5-6-13, requesting that the court stay the arrest orders issued against her, and a notice of appeal from the last rule nisi issued against her. On

the same day, she filed a suggestion of bankruptcy and suggested that the case pending in state court be stayed by operation of 11 USC § 362. The Court of Appeals of Georgia granted Lain's emergency motion for supersedeas, and Judge Chafin entered an order denying her petition to proceed IFP due to her failure to appear to prosecute her petition. Because she did not pay appeal costs within 30 days, Judge Chafin entered an order dismissing her second appeal for lack of prosecution.

(ii) *Conclusions of law.* Based on her conduct, the Special Master concluded that Lain violated Rules 1.2 (a),[4] 1.3, 1.4, 1.5 (a),[5]

---

[4] Rule 1.2 (a) says in relevant part: "[A] lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

[5] Rule 1.5 (a) says in relevant part: "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

1.16 (d),[6] and 3.2.[7] The Special Master concluded that Lain violated Rule 1.2 (a) when she failed to consult with her client about her case, causing the client to attend her arraignment hearing without counsel present. See *In the Matter of Stewart*, 301 Ga. 227, 230 (800 SE2d 279) (2017) (holding that an attorney violated Rule 1.2 (a) by failing to consult and communicate with clients). In addition, the Special Master concluded that Lain violated Rule 1.3 when she failed to promptly attend scheduled court appearances and notify her client of any delays in attending court appearances. See *Brantley*, 299 Ga. at 733. The Special Master also concluded that Lain violated Rule 1.4 (a) when she failed to appear in court on behalf of her client on multiple occasions without notice to her client or to the court, which caused delay and detriment to her client's case.

---

[6] Rule 1.16 (d) says:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

[7] Rule 3.2 says: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

See *In the Matter of Kerr*, 302 Ga. 126, 127 (805 SE2d 15) (2017) (holding that a lawyer violated Rule 1.4 when he failed to keep his client informed about the status of the client's legal matters); *In the Matter of Brown*, 294 Ga. 722, 722 (755 SE2d 742) (2014).

Next, the Special Master determined that Lain's lack of performance and failure to meet reasonable expectations resulted in the collection of an unreasonable fee from her client in violation of Rule 1.5 (a). See *In the Matter of Burgess*, 293 Ga. 783, 785 (748 SE2d 916) (2013) (holding that an attorney violated Rule 1.5 (a) where she represented a client during mediation but failed to communicate with him thereafter and did not refund unearned fees). The Special Master also concluded that Lain violated Rule 1.16 (d) because, after accepting payment for the representation, she was expected to perform promptly and diligently on behalf of her client, but instead her lack of performance delayed the case, which should have resulted in a refund of unearned fees. See *In the Matter of Starling*, 297 Ga. 359, 362 (773 SE2d 768) (2015) (holding that an attorney violated Rule 1.16 (d) by failing to refund a fee that had not

15

been earned). Finally, the Special Master concluded that Lain violated Rule 3.2 when she agreed to represent her client in a criminal case but then caused unnecessary delay for several months by failing to communicate and to attend several court appearances. See *Murray*, 295 Ga. at 72 (holding that an attorney violated Rule 3.2 where he filed multiple documents in the wrong county and failed to take appropriate steps to correct those errors).

(c) *Case No. S21Y0655.*

(i) *Facts.* In SDBD No. 7113, the facts as deemed admitted by Lain show the following. In 2017, Lain was retained to represent a client on criminal charges that were filed in Henry County State Court. On May 2, 2017, the client appeared for a pretrial hearing before the Honorable Jason Harper; however, Lain failed to appear. After the hearing began, Lain sent an e-mail to Judge Harper claiming that she could not appear because she was "going to the hospital," and the court rescheduled the hearing for May 8. However, it was later discovered that Lain was not going to the hospital, but instead was in the same courthouse filing documents

16

in the clerk's office concerning an outstanding arrest warrant for herself. During the May 8 hearing, Lain did not provide any proof of being treated by a medical provider or hospital, or any proof as to why she missed the pretrial hearing. Judge Harper issued a rule nisi for June 20, to have Lain show cause why she should not be held in contempt for failing to appear at or file a conflict letter for the May 2 pretrial hearing, which left her client unrepresented and the court unable to hear her client's case, and for failing to provide some documentation of the reason for her absence on May 2. Lain was personally served with the rule nisi on May 8, but failed to appear on June 20, and Judge Harper issued a bench warrant for her arrest.

In response to the arrest warrant, Lain filed a notice of appeal, a motion for supersedeas asserting that she had been adjudged in contempt by oral order of the court, and a motion to dismiss the bench warrant. A hearing was scheduled on her motions; however, she again failed to appear for the hearing. Judge Harper subsequently denied her motions, finding that they contained false information, including that she had been adjudged in contempt by

17

oral order in this matter, and noting that an adjudication of contempt is a prerequisite for obtaining a supersedeas under OCGA § 5-6-13 (a).

On June 23, 2017, Lain's client attended her rescheduled pretrial hearing, and a different attorney unknown to the client attended the pretrial hearing on behalf of Lain. Judge Harper told the attorney that the jury trial was set to begin on July 12, and that Lain was expected to be present. Lain did not appear for the jury trial, and the court had to reschedule it for July 27. Between July 12 and July 27, Lain refused receipt of any mail from the Henry County State Court, including court notices and pleadings. On the day of the rescheduled trial, the client appeared and notified the court that she had not had contact with her attorney since the last court appearance, and the court granted the client's request to appoint a new attorney. The client also requested that Lain fully refund her attorney fees.

(ii) *Conclusions of law*. The Special Master concluded that Lain

violated Rules 1.2 (a), 1.3, 1.4 (a), 3.2, 3.3 (a),[8] 3.5 (d),[9] and 8.4 (a) (4).[10] Specifically, the Special Master concluded that Lain violated Rule 1.2 (a) when she failed to consult and communicate with her client about the client's case, including before pretrial hearings and the jury trial; that she violated Rule 1.3 by failing to promptly attend and communicate with the court regarding court appearances and to consult with her client about the status of the client's case, see *Brantley*, 299 Ga. at 735; *In the Matter of Williams*, 274 Ga. 485, 486 (554 SE2d 496) (2001); and that she violated Rule 1.4 (a) by failing to notify her client about the status of her case or attend court

---

[8] Rule 3.3 (a) says:

A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

[9] Rule 3.5 (d) says: "A lawyer shall not, without regard to whether the lawyer represents a client in the matter . . . engage in conduct intended to disrupt a tribunal."

[10] Rule 8.4 (a) (4) says: "It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

appearances, which was detrimental to her client's case. See *Kerr*, 302 Ga. at 126; *Brown*, 294 Ga. at 722. In addition, the Special Master concluded that she violated Rule 3.2 by agreeing to represent her client, but then failing to serve her client's interests, see *Murray*, 295 Ga. at 72; that she violated Rule 3.3 (a) when she filed a motion containing false information (i.e., that she had been adjudged in contempt by oral order when she had not); and that she violated Rule 3.5 (d) when she attempted to mislead the court, failed to comply with court orders, and failed to appear for scheduled hearings. See *In the Matter of Gaines*, 307 Ga. 459, 460 (836 SE2d 82) (2019) (concluding that an attorney violated Rule 3.5 (d) where she failed to comply with a court order compelling her discovery responses and failed to appear in court for a contempt hearing). Finally, the Special Master concluded that Lain violated Rule 8.4 (a) (4) when she filed a motion containing false information in the hope of obtaining a supersedeas.

(d) *Case No. S21Y0657.*

(i) *Facts.* In SDBD No. 7109, the facts show that Lain

represented a client in a criminal matter in Muscogee County Superior Court before the Honorable Bemon McBride. During that representation, Lain failed to appear for a court hearing on January 11, 2016. Judge McBride scheduled a hearing for January 26, to have Lain show cause why she should not be held in contempt for failure to appear. Lain filed a motion for continuance of the show cause hearing, citing medical reasons and the need to retain counsel. Judge McBride rescheduled the hearing, but Lain failed to appear and did not provide notice of her release from the medical concerns for which she sought the continuance. Judge McBride found that although Lain did not appear for the rescheduled hearing, she had appeared for other proceedings in Muscogee County since the date of her continuance request. After Lain again failed to appear for a rescheduled show cause hearing, Judge McBride entered an order finding Lain in contempt and directing her to attend the Georgia Solo and Small Firm Institute at the State Bar headquarters on July 14 and 15, 2017, and to pay $500 within 30 days as a contribution to the Georgia Legal Services Foundation. She was further ordered to

self-report her contempt adjudication to the Bar's Office of General Counsel. Lain failed to meet any of these requirements.

In a different case, in which Lain represented a client on murder charges in Muscogee County, she failed to appear for the jury trial calendar on August 1, 2016. On that day, she sent an e-mail to the presiding judge, the Honorable Ronald Mullins, indicating that she was the victim of a severe auto accident and was unable to attend the court appearance. Judge Mullins requested that she send a copy of the auto accident report within ten days, but she failed to do so and never produced the accident report in these disciplinary proceedings. The murder trial began in March 2017, and Lain was late to trial on four occasions. After her client was found guilty, a sentencing hearing was scheduled in April 2017; Lain failed to appear and Judge Mullins rescheduled the hearing for May 2017. Lain also did not appear at the May hearing, but a court deputy located her in the courthouse and notified Judge Mullins. Judge Mullins rescheduled the sentencing hearing for later that same day, and Lain finally appeared.

Based on her conduct, Judge Mullins sent a citation for contempt to Lain by regular U.S. Mail, certified mail return receipt requested, and by notification through e-mail for her to show cause as to why she should not be held in contempt for her failure to appear for the criminal trial and sentencing hearing for her client. The only response received from Lain was an e-mail sent to Judge Mullins's administrative assistant saying, "Good afternoon, please be advised that this is not proper service and I am not waiving such service." Lain failed to appear at the hearing, so Judge Mullins entered an order finding Lain in contempt and directing her to pay a total of $2,000 to the clerk of court within 30 days, to provide Judge Mullins with a copy of the accident report previously requested, and to self-report her adjudication of contempt to the Bar's Office of General Counsel within 15 days. Lain failed to comply with the order.

(ii) *Conclusions of law*. The Special Master concluded that Lain violated Rules 1.3, 3.2, 3.3 (a), and 3.5 (d). The Special Master found that Lain violated Rules 1.3 and 3.2 when she failed to appear in court as scheduled in her two clients' cases and failed to provide

evidence to the court to excuse her absences. See *In the Matter of Jennings*, 305 Ga. 133, 134-135 (823 SE2d 811) (2019) (holding that an attorney violated Rules 1.3 and 3.2 where he abandoned his client and failed to attend hearings and comply with court orders); *In the Matter of Garcia*, 303 Ga. 537, 537-538 (813 SE2d 591) (2018). The Special Master found that Lain violated Rule 3.3 (a) when she misled the court regarding her reasons for failing to appear in court, noting that "knowingly" as used in Rule 3.3 (a) "denotes actual knowledge of the fact in question. A person's knowledge may be inferred from the circumstances." See Rule 1.0 (m). Finally, the Special Master found that Lain violated Rule 3.5 (d) by failing to comply with the court's orders and failing to appear for scheduled hearings. See *Gaines*, 307 Ga. at 459.

(e) *Case No. S21Y0658.*

(i) *Facts.* In SDBD No. 7110, the facts show that Lain was retained to represent a client in a child custody matter in Clayton County Superior Court. The client paid Lain a total of $3,450. Lain told the client that she would send the client a questionnaire to

24

assist in preparing the case, which the client did not receive until five months later. After the client completed the questionnaire, Lain told the client that she would file the custody action within the next week. However, after months of failing to respond to the client's inquiries, Lain informed the client that more information was needed. The client then terminated the relationship and demanded that Lain provide the client file and a refund. Lain did not return the client file, refund the fee, or file the custody action, and she failed to provide proof that she completed any work on behalf of the client.

(ii) *Conclusions of law*. The Special Master determined that Lain's actions and omissions violated Rules 1.2 (a), 1.3, 1.4, 1.5 (a), 1.16 (d), and 3.2. The Special Master concluded that Lain violated Rule 1.2 (a) when she failed to consult with her client about her case, see *In the Matter of Garnett*, 278 Ga. 527, 528 (603 SE2d 281) (2004); that she violated Rule 1.3 when she failed to file the client's custody action, noting that such a lack of diligence results in obvious prejudice to the client's interests, see, e.g., *In the Matter of Shearouse*, 266 Ga. 848, 848 (472 SE2d 294) (1996); Rule 1.3,

25

Comment [3] (client's interests often can be adversely affected by the passage of time); and that she violated Rule 1.4 when she failed to keep the client updated about the status of her case and failed to respond to her client's numerous requests for an update on the case. See *Murray*, 295 Ga. at 72. In addition, the Special Master concluded that Lain violated Rule 1.5 (a) when she charged her client an unreasonable fee and did not perform work to earn the fee; that she violated Rule 1.16 (d) when she failed to return the client's file and refund any unearned fee; and that she violated Rule 3.2 when she failed to perform work on the client's case, including filing the custody action.

3. *Special Master's recommendation of discipline.*

In his reports, the Special Master explained that this Court looks to the American Bar Association's Standards for Imposing Lawyers Sanctions ("ABA Standards") for guidance in determining punishment in disciplinary cases. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). The Special Master noted that the rules violated by Lain prescribe and proscribe some of the most

26

important obligations and prohibitions to which a lawyer's conduct must conform. The Special Master determined that disbarment is generally appropriate (1) when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client, see ABA Standard 4.41; (2) when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law, see ABA Standard 5.11 (b); (3) when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding, see ABA Standard 6.11; and (4) when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding, see ABA Standard 6.21.

The Special Master concluded that there were also aggravating factors applicable in these cases, collectively, including a dishonest or selfish motive, see ABA Standard 9.22 (b); a pattern of misconduct, see ABA Standard 9.22 (c); multiple offenses, see ABA Standard 9.22 (d); bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary authority, see ABA Standard 9.22 (e); submission of false evidence, false statements, or other deceptive practices during the disciplinary process, see ABA Standard 9.22 (f); refusing to acknowledge the wrongful nature of one's conduct, see ABA Standard 9.22 (g); and substantial experience in the practice of law, see ABA Standard 9.22 (i). The only mitigating factor the Special Master found applicable was the absence of any prior disciplinary history, see ABA Standard 9.32 (a).

In sum, the Special Master concluded that "the purpose of lawyer discipline is to act as 'a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession[.]'" *In the Matter of Csehy*, 295

Ga. 853, 855 (764 SE2d 540) (2014) (quoting *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981)). In furtherance of these purposes, the Special Master recommends disbarment for Lain's violation of Rules 1.2 (a), 1.3, 1.4, 1.5 (a), 1.16 (d), 3.1 (b), 3.2, 3.3 (a), 3.5 (d), and 8.4 (a) (4) in these five disciplinary matters. See, e.g., *In the Matter of Noriega-Allen*, 308 Ga. 398, 398-399 (842 SE2d 1) (2020) (disbarring an attorney who failed to file a motion on behalf of her client, failed to respond to a motion for fees filed by another party, failed to appear at a hearing, and failed to respond to numerous requests for information by her client or return unearned fees); *Jennings*, 305 Ga. at 135 (disbarring an attorney who abandoned his client, intentionally concealed his misconduct, blatantly ignored a trial court's order, and refused to participate in the disciplinary process); *In the Matter of Hamer*, 302 Ga. 747, 748-750 (808 SE2d 647) (2017) (disbarring an attorney who, among other things, knowingly failed to provide services to his clients and engaged in a pattern of neglect of client matters); *In the Matter of Mann*, 293 Ga. 664, 664-665 (748 SE2d 914) (2013) (disbarring an

29

attorney who was held in contempt of court for repeatedly failing to appear for scheduled hearings in multiple client matters and who failed to refund unearned fees to one client).

4. *Conclusion.*

Having reviewed the record, we agree with the Special Master that disbarment is the appropriate sanction for Lain, particularly given the extent of her rule violations and her failure to engage honestly in the disciplinary process. Accordingly, it is hereby ordered that the name of Cynthia Ann Lain be removed from the rolls of persons authorized to practice law in the State of Georgia. Lain is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided April 19, 2021 —Reconsideration denied May 17, 2021.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.